*916 OPINION.
Lansdon:
The principal question for our determination here, is whether the so-called salaries were in fact salaries, constructively received by the partners monthly and therefore income for the taxable year so received under the provisions of section 213 of the Revenue Act of 1918, or were merely payments from the distributive net income of the partnership. If such allowances were distributions of partnership profits, they must be taxed to the recipients as provided in sections 218 and 205 (c) of the Revenue Act of 1918.
The respondent determined that the allowances here involved were in fact salaries to the partners and that they were constructively received, in proportionate parts, monthly. He held that one-half of the salary allowances to the partners for the fiscal year ended. June 30, 1919, was constructively received by them in the calendar year 1918, and that one-half of the salary allowances for the fiscal year ended June 30,1920, was constructively received in the calendar year 1919. In this manner he determined the 1919 salary of each partner by adding one-half of the 1920 allowance to one-half of the 1919 allowance, and included such sum within the partner’s income received in the calendar year 1919, and taxable at the rates for that year. The petitioners contended that the so-called salary allowances were nothing more than a distribution of partnership profits and are taxable to them, along with other partnership profits to which they are entitled, whether distributed or not, under section 218 of the Act. They contend that such salary allowances are to be reported by them, along with their distributive shares of other partnership net income, in their returns for the calendar year in which the partnership’s fiscal year ends, and are to be taxed in the same manner as other partnership income is taxed to them. That is to say, the $40,000 salary to Keeler and the $20,000 salary to Tilton for the fiscal year ended June 30, 1919, is to be reported in 1919 income, and is taxable, one-half at 1918 rates and one-half at 1919 rates. In the same man *917 ner, 1920 fiscal year salaries are to be reported in 1920 income and are taxable one-half at 1919 rates and one-half at 1920 rates.
It is well settled that partners are not entitled to a salary or compensation for services rendered to the partnership in the absence of an agreement express or implied, the reason being that the partnership relation imposes upon each member of the firm the obligation to devote his time and abilities to the affairs of the firm. The reward to which each partner is entitled is his right to share in the partnership earnings. Where there has been no agreement otherwise, the partners will share equally in the benefits derived, regardless of the ratio of their contributions and irrespective of the form of such contributions. However, the partnership agreement will control. If the partners agree on a proportional distribution of partnership profits, the agreement will be given effect since the courts have recognized the impracticability of determining the relative values of the respective contributions of the individual partners. We have heretofore held that partnership profits may be distributed in whatever proportions are determined by the partnership agreement. Appeal of Harriet A. Taylor, 2 B. T. A. 1159.
An agreement between partners to pay salaries from profits is nothing more than the determination of a basis for dividing such profits. A partner devoting his time and energies to the business of the firm is in fact working for himself and can not be considered as an employee of the firm in the sense that he is in the service of another. It follows, therefore, that he can not be paid a salary by the firm out of earnings in the sense of compensation for services rendered to an employer. In effect any allowances drawn by a partner from partnership assets are payments which he makes to himself and no man can be his own employer or employee. A partner receiving a salary is merely transferring money from one to another of his own pockets. Leo Schwartz v. Commissioner, 7 B. T. A. 223.
It follows that whether or not a salary allowance to a partner, being merely a distribution of partnership assets, is taxable income to the recipient, can not be determined until the close of the partnership year for not until that time can it be known whether such payments were made from capital or profits. The salary is chargeable to the partner as income for his taxable year in which the partnership accounting period ends. To hold that a salary paid by a partnership to one of its members is income when received, regardless of whether such payment is made from capital or profits, may result in the taxation of capital. This Board has recognized this principle in Appeal J. H. Goadby Mills, 3 B. T. A. 1245, in which we said:
* * * In recognizing a partnership for- accounting purposes, Congress realized that until the close of the partnership’s accounting period it can not *918 be determined whether or not the partnership has any net income. The earnings of the earlier month may be entirely eliminated by losses sustained in the closing months of the partnership’s accounting period, even to the extent of showing a net loss for the entire accounting period. Under such circumstances, it could not be said that distributions during the first months of the partnership’s accounting period constitute income to the partners when the operations cf the entire accounting period show that the partnership sustained a loss.
In the instant proceeding the record discloses that Keeler received $40,000 and Tilton $20,000 on June 30th of the taxable year, and that the former also received 55 per cent and the latter 45 per cent of the distributive partnership income remaining after the payment of the amounts specified in the annual supplementary agreement providing for distribution to members of the firm on account of services rendered. That the agreed amounts paid or credited to Keeler and Tilton were designated as salaries is not material to the question to be decided. Regardless of what they were called such amounts were received by the petitioners on June 30, 1919, and must be accounted for by them as income for the year ended December 31, 1919.
If the payments received by the petitioners on June 30, 1919, had been personal salaries in law and in fact, the resulting income in its entirety would have been taxable at the income-tax rates effective in that year, since each of the petitioners kept his accounts and made his income-tax returns on the cash receipts and disbursements basis. As the amounts received by the petitioners were not payments on account of salaries within the meaning of the taxing statute, but were shares of the distributive profits of the partnership earned during the fiscal year ended June 30,1919, then, under the provisions of section 218(a) of the Revenue Act of 1918, one-half of the resulting income is taxable under 1918 rates, and the remainder under rates effective during the period from January 1 to June 30,1919.
Since we have determined that so-called partnership salaries are no more than a distribution of anticipated profits if paid prior to the end of the partnership accounting period and may in fact turn out to be withdrawals of capital, we find no significance in the withdrawals made by the partners during the taxable year. Such withdrawals, whether of anticipated profits or of capital, in no way affected the shares of distributive partnership profits due each of the partners at the close of the accounting period of the partnership and have no relation to the issues of the proceeding.
Reviewed by the Board.
Judgment will he entered on 10 days'1 notice, under Bule 50.
Muedock concurs in the result.