KARL PAULI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13927.   Promulgated April 23, 1928.

*Edward D. Gough, Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner contends that the $6,000 paid to him in 1919 and 1920 by the partnership, and entered in its books in an account termed "Salaries-Partners," was not in fact compensation for services rendered the firm, but was the maximum amount each member was permitted to, and did, draw as profits of the partnership in advance of the determination of actual earnings. The respondent, in auditing the returns of the petitioner and the books of the partnership, treated the amount as salary to the former and an expense of the latter, with the result that he determined the income of the petitioner from the firm to be $6,000, plus 37.5 per cent of the net earnings of partnership, computed with the $6,000 already paid to each partner deducted as a business expense.

It is well settled in New York that a partner is not entitled to compensation for services rendered the partnership in the absence of an agreement to that effect. Section 40(6) of Book 38, McKinney's Consolidated Laws of New York (Laws 1919, ch. 408); *Evans* v. *Warner*, 20 App. Div. 230; 47 N. Y. S. 16. See also *Estate of S. U. Tilton*, 8 B. T. A. 914. In the latter case we said:

An agreement between partners to pay salaries from profits is nothing more than the determination of a basis for dividing such profits. A partner devoting his time and energies to the business of the firm is in fact working for himself

and can not be considered as an employee of the firm in the sense that he is in the service of another.

The uncontradicted testimony of the petitioner is that the payments were not considered by the parties as salary, but were regarded as drawings against profits. This testimony is corroborated by the manner in which the partnership computed the distributive shares of each member at the close of 1919. It computed the amount still due each partner on the basis of profits of $37,192.69 ($25,192.69, representing profits as shown by the books, plus $12,000 already paid but deducted as an expense in reaching the former figure), less $6,000, the amount already paid each member.

Even though the payments were entered in the partnership books as salary the facts clearly show that they were advance payments of firm profits. In determining the income of the petitioner from the partnership, the payments of $6,000 made in 1919 and 1920 should be treated as profits of the partnership.

The evidence presented by the petitioner on the item of $1,522 charged off in 1919 as a bad debt is insufficient to warrant a holding that it was ascertained to be worthless in that year.

The respondent's action respecting the loss sustained by the partnership in the branch of its business conducted under the name of United Metal Leaf & Bronze Powder Co. is affirmed in the absence of proof that the loss was different from that determined by the respondent.

*Judgment will be entered on 10 days' notice, under Rule 50.*