GEORGE A. PAPINEAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24256, 24257.   Promulgated January 19, 1951.

*Richard E. Williams, Esq.*, for the petitioner.
*Marvin E. Hagen, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $1,690.75 in income tax of the petitioner for 1944 and one of $1,736.97 for 1945. The issue is whether the Commissioner erred by including in the petitioner's distributive share of the net income of a partnership for each year an amount to represent the estimated value of his board and lodging. The facts have beeen stipulated.

The petitioner filed his individual income tax returns for 1944 and 1945 with the collector of internal revenue for the district of Nebraska. He is an experienced hotel manager.

Castle Hotel, Ltd. is a limited partnership which operates the Castle Hotel at Omaha, Nebraska, a commercial hotel, usually entertaining from 300 to 600 guests. It operates a bar, and furnishes meals and rooms to its guests.

The partners and their interests are as follows:

|  | Per cent |
|---|---|
| George A. Papineau, General partner | 32 |
| Edwin A. Boss, General partner | 20 |
| Ethel M. Boss, General partner | 16 |
| Donald A. Boss, Limited partner | 16 |
| Betty Boss, Limited partner | 16 |

The petitioner was the manager of the hotel during the taxable years and devoted all of his time to his duties as manager. He lived in the

hotel and took his meals there pursuant to his agreement with his partners. That arrangement was essential in order to manage the hotel to the best advantage of the partnership during all hours of the day and night. The partnership distributed $2,100 annually to him for his services as manager before computing the percentages of the partners in the profits of the business.

The partnership deducted all costs, expenses and other items without eliminating any amounts to represent the cost to it of the board and lodging furnished the petitioner.

The Commissioner, in determining the deficiency for 1944, increased the petitioner's income by $2,352.61 to represent additional distributive income from the partnership and, although the record does not disclose how it was computed, it is proper to assume that it included $870 for the value of meals and lodging furnished him by the Castle Hotel.

The Commissioner, in determining the deficiency for 1945, added $1,200 to the income of the petitioner to represent the value of meals and lodging furnished him by the Castle Hotel.

It is stipulated that the reasonable value of the meals and lodging furnished the petitioner by the hotel was $870 for 1944 and $1,200 for 1945.

The broad question here is whether all or any part of the value of the meals and lodging which the petitioner had at the Castle Hotel represents income to him.

The Commissioner has long had a regulation providing that the value of living quarters received as compensation for services rendered is taxable income unless furnished to an employee for the convenience of the employer. See Regulations 45, Article 33 and similar provisions up to Regulations 111. Nevertheless, he included in the income of Arthur Benaglia, amounts to represent the value of meals and lodging furnished him by a hotel which he was employed to manage. See *Arthur Benaglia*, 36 B. T. A. 838. Benaglia proved that he lodged and dined at the hotel as a part of his duties in managing the hotel rather than for his personal convenience and benefit and we held that the meals and lodging were not compensatory in nature and their value was not income to Benaglia. The Commissioner acquiesced and added the words "or meals" after "living quarters" in his regulations.[1] He argues that his action in the present case is right under that regulation because the petitioner received his meals and lodging as a partner and a partner can not be an employee of his

---

[1] Regulations 111, Sec. 29.22 (a)-3. Compensation paid other than in cash.—* * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters and meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *

partnership. He quotes from *Estate of S. U. Tilton*, 8 B. T. A. 914, in which it was said in deciding other questions that:

\* \* \* A partner devoting his time and energies to the business of the firm is in fact working for himself and can not be considered as an employee of the firm in the sense that he is in the service of another. It follows, therefore, that he can not be paid a salary by the firm out of earnings in the sense of compensation for services rendered to an employer. In effect any allowances drawn by a partner from partnership assets are payments which he makes to himself and no man can be his own employer or employee. \* \* \*

It is at once apparent that if a partner is a proprietor who can not employ himself or compensate himself by a salary for services rendered to himself, neither can he compensate himself or create income for himself by furnishing himself meals and lodging. A sole proprietor can not create income for himself by buying himself meals and providing himself with lodging any more than he can lift himself by his own boot straps. *Helvering* v. *Independent Life Ins. Co.*, 292 U. S. 371. Cf. T. D. 2665, Vol. 20, p. 45, March 8, 1918. Nor can such expenditures be reflected into income by any mirrors of accounting. If erroneously deducted or subtracted in any case, that error does not make income. The correction logically must be a disallowance of the improper reduction.[2] If two sole hotel proprietors form a partnership and each continues as resident manager of one of the hotels, the above reasoning still applies and the meals and lodging which they furnish themselves is not compensatory in nature, does not constitute compensation for services, and is not taxable to them as income. While it represents food and lodging which they had to have in order to live, nondeductible living expenses, it has a dual character and also represents ordinary and necessary expenditures made in the conduct of their business for profit. The difficulty, thus presented, in income tax accounting is not solved by taking the untenable position that the partners are in receipt of income when they furnish themselves with meals and lodging.

Is the present case any different in principle because the petitioner, a 32 per cent general partner, alone managed and lived at the hotel while the other partners, owning 68 per cent interests, lived in another city, and does it require a holding that a part of the value of his meals and lodging is taxable income? The distinction, if any, is difficult to perceive. Partners can not be employees for the purpose of salaries and their "salaries" are not deductible expenses of the business; neither are the meals and lodging of a managing partner compensation for his services, the reason throughout being that one can not employ or compensate himself.

---

[2] In the case of a sole proprietor, it may be academic whether a claimed deduction is disallowed or offset by an inclusion in income, see *P. P. Sweeten*, 3 B. T. A. 37 ; *Fellipo Dicenso*, 11 B. T. A. 620 ; O. D. 998, 5 C. B. 86, yet the fact remains that it is not income.

A hotel and an ocean liner are comparable for present purposes. Each must have someone in charge at all times. His meals and lodging are a part of the ordinary and necessary expenses of operating. They are still ordinary and necessary expenses of operating even though this officer is the owner or one of a group of owners. He is there, not for his own personal convenience and benefit so that his expenses are primarily living expenses, but to operate the vessel or the hotel. It is in accordance with sections 22 and 23 of the Internal Revenue Code that the expenses of operation be computed without eliminating small portions of depreciation, cost of food, wages, and general expenses to represent the cost of his meals and lodging and that he be not taxed with the value of his meals and lodging. There may be other similar examples where the business features of a dual item outweigh its personal living expense aspects.

This result does no violence to Regulations 111, section 29.22 (a)–3. For example, that regulation is intended to apply to compensation received by one person for personal services to another, while here the petitioner renders the services to himself. Furthermore, it would do the Commissioner no good to reason that although the petitioner furnished himself meals and lodging to the extent of 32 per cent of the total, nevertheless, he received the other 68 per cent as compensation for personal services rendered to the other partners and that 68 per cent of the value of his meals and lodging is taxable income under the regulation. If that reasoning were sound, it would follow necessarily that the petitioner was "employed" by his associates and the 68 per cent would not be taxable because furnished "for the convenience of the employer" within the meaning of the same regulation. The Commissioner concedes that he boarded and lodged in the hotel for the convenience of the partnership. The regulation refers throughout to employees, persons who received compensation for services, and if the petitioner were an employee under the taxing part of the regulation, he would also have to be an employee under the exempting sentence of the same regulation. The Commissioner erred in holding that the petitioner received taxable income from the meals and lodging. *Helvering* v. *Independent Life Ins. Co., supra.*

Reviewed by the Court.

*Decision will be entered under Rule 50.*

RAUM, *J.*, concurs only in the result.

---

JOHNSON, *J.*, dissenting: I find myself unable to agree with the majority holding that the value of the meals consumed by petitioner was not includible in his gross income. It is apparent from the findings that the partnership did not eliminate from its cost of goods

sold the cost of the food furnished to petitioner, an owner and partner. But it was clearly improper to include the cost of this food in cost of goods sold, since it was never sold. The cost of goods sold having thus been erroneously inflated, the gross income from the business reported by the partnership was thus erroneously diminished. The proper adjustment was to restore the value of these meals to partnership gross income and to increase petitioner's distributive income from the partnership accordingly, as respondent did. *P. P. Sweeten,* 3 B. T. A. 37; *Fellipo Dicenso,* 11 B. T. A. 620; O. D. 998, 5 C. B. 86.

The majority opinion, however, urges that if the cost of petitioner's meals was "erroneously deducted or subtracted in any case, that error does not make income. The correction logically must be a disallowance of the improper reduction." But cost of goods sold is not a deduction from gross income and hence not, strictly speaking, a deduction at all. Rather it is an item which is subtracted from total receipts of a business in arriving at the gross income subject to taxation under the Sixteenth Amendment, before statutory deductions. Thus an error in gross income, whether arising from an error in computing total receipts or cost of goods sold, can only be "disallowed" by correcting gross income by the amount of the error.

Nor do I agree with the suggestion of the majority opinion, though the question is not at issue, that owners who through business necessity eat their meals on the premises of their establishments should be allowed to consider the expenses thereof as ordinary and necessary business expense. Such living expenses are invariably personal and nondeductible, no matter where incurred, except to those in a travel status. Section 24(a)(1), Internal Revenue Code. Similarly, the partnership should not be entitled to deduct depreciation or maintenance on rental property converted to personal use by a partner, such as the apartment used by petitioner here.

I think that the majority is correct in its holding, following *Helvering* v. *Independent Life Ins. Co.,* 292 U. S. 371, that the rental value of the apartment owned and occupied by petitioner does not constitute taxable income to him.