*Decision will be entered under Rule 50.*

RICHARD A. SUTTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RICHARD A. SUTTER AND ELIZABETH H. SUTTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37277, 37278. Promulgated October 30, 1953.

*John D. Hasler, Esq.*, for the petitioners.
*Mark Townsend, Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* While the sole issue is deductibility as business expense of a number of items claimed by petitioner, the purposes of the expenditures and the grounds of their disallowance place them in separate categories and require individual disposition for each class. Of the seven types of items for which deductions were claimed we have concluded that five should be disallowed. entirely and that the other two are deductible only to a limited extent.

Running through most of the contested items is the stubborn thread of a single problem which has never apparently been squarely and expressly passed upon. Cf., e. g., *James Schulz*, 16 T. C. 401. When a taxpayer in the course of supplying food or entertainment or making other outlays customarily regarded as ordinary and necessary includes an amount attributable to himself or his family, such as the payment for his own meals, is that portion of the expenditure an ordinary and necessary business expense on the one hand or a nondeductible personal item on the other?

It seems to us that while each situation will of course be governed by its individual facts the general principle necessarily emerges somewhat as follows: The cost of meals, entertainment, and similar items for one's self and one's dependents, at least if not incurred while away from home in the pursuit of one's business, see section 23 (a) (1) (A), Internal Revenue Code, is ordinarily and by its very nature personal expenditures forbidden deduction by section 24 (a) (1). The presumption, no doubt rebuttable, must accordingly arise that such costs are nondeductible. In addition to the burden imposed by the necessity of overcoming respondent's determination we think the presumptive nondeductibility of personal expenses may be overcome only by clear and detailed evidence as to each instance that the expenditure in question was different from or in excess of that which would have been made for the taxpayer's personal purposes. Where such evidence is absent we conclude that even under the *Cohan* [1] rule no amount whatever for such expenses may properly be claimed.

The items which we think must be wholly disallowed are those claimed for gifts to elevator operators, parking lot attendants, hospital employees, and others in similar occupations; the amount spent for a hunting trip as to which there is inadequate proof of a direct connection with petitioner's business income, *Louis Boehm*, 35 B. T. A. 1106; gifts to various medical associates; and the expense of publishing an article circulated by petitioner to a miscellaneous group of recipients even though some may have included those with whom

---

[1] *Cohan v. Commissioner*, (C. A. 2) 39 F. 2d 540.

petitioner had business relations. As to all of these items we have found as facts on this subject all those requested by petitioner. See Rules of Practice before the Tax Court of the United States, Rule 35 (e) (3). On the basis of those findings it is impossible to conclude that petitioner has borne the burden of showing in what respect and to what if any extent these items contributed to the earning of his income. The deductions must accordingly be denied. *Louis Boehm, supra; James Schulz, supra; Reginald Denny*, 33 B. T. A. 738; *Home Guaranty Abstract Co.*, 8 T. C. 617; *Walter J. Munro*, 19 B. T. A. 71. Cf. *E. E. Dickinson*, 8 B. T. A. 722.

The deduction for the cost of lunches was apparently almost entirely payment for petitioner's own meals when he attended such functions as meetings of the Chamber of Commerce. There is no evidence that these costs were any greater than expenditures which petitioner would have been required to make in any event for his own personal purposes. They must consequently be disallowed.

The remaining two items consist of entertainment expenses and the cost of maintenance and depreciation of a cabin cruiser belonging to petitioner. While this proceeding is distinguishable from *Cohan* v. *Commissioner, supra*, in that the total amount of the expenses is not conjectural but has either been stipulated or shown by adequate evidence, we nevertheless regard an allocation as required because it is evident that only a part of these conceded expenditures may be characterized as the ordinary and necessary consequences of petitioner's trade or business. To some extent they were entirely personal in nature being on the one hand costs of entertainment for petitioner and his family and on the other partly social occasions. In some degree they were also apparently a means of enhancing petitioner's prestige and the future possibility of expanding his clinic business so as to be the means of creating a capital asset comparable to good will. See 4 Mertens, Law of Federal Income Taxation, p. 367, and cases cited. And how these elements, particularly the former, may be separated from actual business expenses is not, in spite of petitioner's careful record-keeping, to any extent discoverable from the evidence. This inexactitude is, in the language of the *Cohan* case, the result of petitioner's own conduct. Because of these considerations we have found that the amounts deductible by petitioner as ordinary and necessary expenses in the two allowable categories of entertainment and cabin cruiser expenses and depreciation are 25 per cent of those now claimed by him. Cf. *John A. Brander*, 3 B. T. A. 231, with *E. E. Dickinson, supra*. These items are detailed in the record and can readily be recomputed by the parties.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*