**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Everett and Mary C. DOAK, Respondents.**

No. 7150.

United States Court of Appeals Fourth Circuit.

Argued April 17, 1956.

Decided June 5, 1956.

Walter R. Gelles, Atty., Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Department of Justice, Washington, D. C., on brief), for petitioner.

Charles W. Merritt, New York City, for respondents.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HARRY E. WATKINS, District Judge.

DOBIE, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States deciding that the expenses of operating a hotel should be computed without eliminating portions of depreciation, cost of food, and cost of heat and light, to represent the cost of meals and lodging furnished to an owner-operator of a hotel who lodged and ate in the hotel not for his own personal convenience but because it was necessary in connection with the operation of his hotel. From this decision, the Commissioner has appealed to us.

No testimony was offered by the Commissioner before the Tax Court so that the facts in the case are substantially undisputed. The taxpayers, husband and wife, were co-owners and operators during 1950 of the Hotel Wells in Sisters-ville, West Virginia. Their 1950 joint income tax return, filed on a cash receipts and disbursements basis, showed that most of their income was earned from the operation of the hotel. The total depreciation on the hotel in 1950 was $1,923.24, but taxpayers eliminated $123.09 or 6.4 per cent as personal expenses, and only the balance was claimed on their return. The total cost of heat and light, $1,652.64, was reduced by them on their return by 6.4 per cent, or $105.77. Likewise, the total purchases of food were reduced by taxpayers in the amount of $547.50 as representing personal expenses. In doing so, the taxpayers were following instructions given to them several years prior thereto by an Internal Revenue Agent.

Taxpayers gave their full time and attention to the operation of the hotel, and lived there in utility rooms which were also used for other hotel purposes. They owned and maintained a home at Middlebourne, West Virginia, but occupied it only occasionally when their presence was not required at the hotel. They spent long hours at work at the hotel, and therefore found it necessary to live and eat most of their meals there.

The Commissioner agreed with taxpayers that the cost of electricity, depreciation, and food personally attributable to them was a nondeductible personal living expense, but determined that $547.50 or $1.50 a day for food eliminated by them was not reasonable. He determined that $3.00 a day was reasonable, and therefore deducted an additional $547.50 from purchases. The taxpayers contested this and petitioned the Tax Court for a redetermination.

The Tax Court decided that the costs of food personally consumed and the depreciation and electricity attributable to taxpayers' personal use of the hotel rooms were wholly deductible as business expenses of the hotel. In accordance with the Tax Court's ruling the following amounts have been allowed as additional business deductions: purchases increased, $1,095.00 ($547.50 eliminated by taxpayers, plus $547.50 eliminated by

Commissioner); depreciation increased, $123.08; and utilities expense increased $105.77. The result, as shown in the computation statement and final decision of the court is that taxpayers had overpaid their tax in the sum of $16.00 instead of being liable for a deficiency of $190.34. The Commissioner reasserts his contention that the items discussed above were nondeductible personal living expenses, and has appealed on that ground.

The sole question before us is whether the costs and expenses attributable to furnishing meals and lodging to the co-owners of the hotel during the taxable year 1950 were properly eliminated from business expenses by the Commissioner in computing their partnership net income. We think this must be answered in the affirmative and that, accordingly, the decision of the Tax Court must be reversed.

The opinion of the Tax Court is brief and is quoted below in its entirety, 24 T.C. 569, 570:

"Murdock, Judge: The Court found it necessary in the case of George A. Papineau, 16 T.C. 130, to consider and decide whether the cost of food and lodging furnished to an owner-manager of a hotel should be subtracted in computing income deductions of the hotel for ordinary and necessary expenses and depreciation. It was there held that meals and lodgings of an owner-operator of a hotel are ordinary and necessary expenses of the business where his presence in the hotel was not for his own personal convenience and benefit but was required in the operation of the hotel. It was there said in that connection that 'it is in accordance with sections 22 and 23 of the Internal Revenue Code that the expenses of operation be computed without eliminating small portions of depreciation, cost of food, wages, and general expenses to represent the cost of his meals and lodging * * *.' Board and lodging

furnished the daughter as an employee were ordinary and necessary expenses of the business. The present case is decided for the petitioner upon authority of the Papineau case. There is no dispute about the amounts.

"Decision will be entered under Rule 50."

Although the Tax Court has reconsidered this issue on two occasions subsequent to the case below, these later decisions rest directly or indirectly upon the authority of the Papineau decision, Papineau v. Commissioner, 16 T.C. 130. See Richard E. Moran v. Commissioner, 14 CCH T.C.M. 813; Leo B. Wolfe v. Commissioner, 14 CCH T.C.M. 791. In addition, the United States District Court for the District of Colorado has ruled in favor of the taxpayers on this issue, although upon what basis, other than its specific findings of fact and conclusions of law, we are not told. Briggs v. United States, (not officially reported), P-H 1956 Federal Tax, par. 72,319. Apparently, no federal appellate court has to date passed upon this issue.

The question, basically, is whether the costs of food and shelter, personal expenses, can be deducted as business expenses merely because it was necessary that the taxpayer live and eat on the business premises. The Commissioner concedes that these expenses were necessary. That does not, however, mean they were business expenses, for personal expenses can also be necessary. See Sparkman v. Commissioner, 9 Cir., 112 F.2d 774, 777. The issue boils down to whether these expenses were predominantly personal or business in nature. The Commissioner contends that the cost of feeding and sheltering oneself is always personal and thus not deductible because of the prohibition contained in Section 24(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. The taxpayers contend that the cost of providing such meals and lodgings is a true business expense under Section 23(a) (1) of the Code. The Tax Court, in the Papineau case, characterized such expenses as hav-

ing a dual character. Papineau v. Commissioner, 16 T.C. 130, 132.

■ We admit such questions cause no little difficulty. Section 24(a) (1) of the Code provides in part that "In computing net income no deduction shall in any case be allowed in respect of—(1) Personal, living, or family expenses * * *." This, we think, is a broad provision enacted by Congress to close the door to such items which might be, in certain situations, otherwise deductible. Congress has, however, allowed certain specific exceptions to the blanket prohibition on personal expense deductions, e. g., medical and dental expenses, Section 23(x); "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business," Section 23(a) (1) (A); certain charitable contributions, Section 23(o); and under the 1954 Code, child care, Section 214.

■ In fact, the Commissioner has, for many years, recognized the so-called "convenience" rule which is in substance a holding to the effect that where employees are required by the terms of their employment to live on the employer's premises and take their meals there for the convenience of the employer, they may exclude for their taxable income the value of such meals and lodging (see Treasury Regulations 111, Section 29.22 (a)-3). The rule has also been recognized in Benaglia v. Commissioner, 36 B.T.A. 838. Congress has now recognized this rule and enacted it in statutory form in Section 119 of the Internal Revenue Code of 1954, which we quote:

"§ 119. Meals or lodging furnished for the convenience of the employer—

"There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

"(1) in the case of meals, the meals are furnished on the business premises of the employer, or

"(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation."

From our reading of the Code provisions and the Regulations then applicable, we think it clear that the costs of meals and lodging of taxpayers would have been deductible had they occupied the employee status under the above "convenience of employer" rule. They were not, however, either employers or employees; instead they were husband and wife owning the entire business as partners.

Unlike the analogy in the Papineau case, supra, between a hotel and an ocean liner, which we think perhaps an unhappy one, for much of the time in the ocean liner situation it would be a physical impossibility for the master to eat or sleep elsewhere; these taxpayers could eat and sleep in their own home, at least part of the time, but chose instead to work twenty-four hours a day at their own hotel, without hiring help to relieve them. We liken them to the many persons who by the nature of their jobs must necessarily eat away from home at their own expense, as a necessity of keeping their jobs. There are numerous Tax Court cases denying a deduction to these people for the reason that the cost of meals is a personal expense regardless of where incurred. Drill v. Commissioner, 8 T.C. 902 (employee had to pay for his meals when he worked overtime); Osteen v. Commissioner, 14 T.C. 1261 (railway postal clerk had to purchase one

meal a day while on the job); Taylor v. Commissioner, P-H 1952 T.C.Mem. Dec., par. 52,201 (school teacher had to buy her lunches at school); and Jacob v. Commissioner, P-H 1950 T.C.Mem. Dec., par. 50,126 (restaurant owner and family had to eliminate from business deductions the cost of food and drinks they consumed).

■■ Unincorporated businesses, unlike corporations, incur no income tax. The tax accrues against the partners or co-owners on their distributive shares of the profits. Sections 181, 182(c) of the 1939 Code. This fundamental principle is easily overlooked, because for purposes of accounting convenience, partnership records reflect the income and expenses of the venture as a separate and independent business unit. But the income is taxable to the partners in their individual capacities, and each is entitled to his proportionate share of the expenses. For tax purposes, a partnership has no legal existence independent from the individual partners. The partnership and the partners are one and the same legal entity. Commissioner of Internal Revenue v. Whitney, 2 Cir., 169 F.2d 562, 568, certiorari denied 335 U.S. 892, 69 S.Ct. 246, 93 L.Ed. 429. In the eyes of the taxing statute, therefore, a partner cannot be an employee of the partnership. Estate of Tilton, 8 B.T.A. 914; Pauli v. Commissioner, 11 B.T.A. 784. See Section 183(a) of the Code and Section 29.183–1 of Treasury Regulations 111. This is an important concept, for if the Code treated a partnership as a separate taxable entity, and the partners as employees, the cost of meals and lodging attributable to them might be deductible as an expense of paying the employees.

We are unable to distinguish the Papineau case, supra, upon which the Tax Court rested its opinion. We are, however, in substantial accord with the language used in the dissenting opinion of Judge Johnson, 16 T.C. at page 134, to the effect:

"Nor do I agree with the suggestion of the majority opinion * * that owners who through business necessity eat their meals on the premises of their establishments should be allowed to consider the expenses thereof as ordinary and necessary business expense. Such living expenses are invariably personal and nondeductible, no matter where incurred, except to those in a travel status. Section 24(a) (1), Internal Revenue Code. Similarly, the partnership should not be entitled to deduct depreciation or maintenance on rental property converted to personal use by a partner, such as the apartment used by petitioner here."

■■ The expenses incurred by these taxpayers are expenses which everyone must incur to live, regardless of business requirements, and are, we think, personal and thus not deductible. However, in order to deduct any portion, the taxpayers would at least have to show that the expenditures were in excess of what normally would have been spent had they lived at home. Sutter v. Commissioner, 21 T.C. 170. In the Sutter case the taxpayer entertained clients at business luncheons. He included in his entertainment expenses an amount attributable to his own meals. Obviously he could not entertain his clients without accompanying them and it was thus necessary to his business that he incur the expense of his own meals at those business luncheons. The court denied the deduction, however, and said, 21 T.C. at page 173:

"The cost of meals, entertainment, and similar items for one's self and one's dependents * * * is ordinarily and by its very nature personal expenditures forbidden deduction by section 24(a) (1). * * * we think the presumptive nondeductibility of personal expenses may be overcome only by clear and detailed evidence as to each instance that the expenditure in question was different from or in excess of that which would have been made for the taxpayer's personal purposes. Where such evidence is absent we conclude

that even under the Cohan rule no amount whatever for such expenses may properly be claimed."

Accord: Gunther v. Commissioner, P-H 1954 T.C. Mem. par. 54,287. The instant case is indistinguishable in principle from the Sutter case. The taxpayers have produced no evidence that the cost of their meals, and the amounts of rent allocable to their personal living quarters, were "different from or in excess of that which would have been made" if they had lived elsewhere. The fact that it was necessary for them to live at the hotel is immaterial, for it must be presumed that the cost of their meals and lodging was no greater than what they would otherwise have expended. Sutter v. Commissioner, supra. The Commissioner has denied deduction of these personal expenses in conformity with Section 24(a) (1) and Rev.Rul. 80, 1953–1 Cum.Bull. 62. In accordance with the provisions of Rev.Rul. 80 he eliminated from the business expenses an amount measured by a "reasonable approximation of the costs attributable to such personal items."

True it is, as has been pointed out previously, that the items here involved may be viewed, on the one hand, as business expenses, on the other hand, as personal. We think their essential nature, their inherent and dominant attributes characterize them as personal with a tinge of business and not as business with a personal tinge. And we see Section 24(a) (1) as an absolute blanket inclusion of these items in income, thereby prohibiting their deductibility, unless the federal statutes expressly and clearly provide to the contrary. There are no such statutes.

We conclude the sums attributable to taxpayers' meals and lodging were properly eliminated from their business ex-

penses by the Commissioner and that, accordingly, the decision of the Tax Court must be reversed.

Reversed.

PARKER, Chief Judge (dissenting).

I think that the decision of the Tax Court should be affirmed for reasons adequately stated by that court in the decision below and in the case of George A. Papineau, 16 T.C. 130. The question involved is not one of deducting personal expenses from a tax return. It is whether deductions for the expense of operating the business should be decreased because the owner of the hotel eats and lodges at the hotel in connection with operating it. The Tax Court answered this question in the negative on the theory that meals and lodging incidental to carrying on a business are to be treated as an expense of the business rather than as a personal expense. It is on this theory that the statute excludes from gross income of an employee the value of meals furnished the employee whose presence is required on the premises. See section 119 of Revenue Code of 1954. There is no reason why the value of such meals should be considered as income and as the personal expense of the taxpayer merely because he is self employed in his own business rather than employed in the business of another. The question involved is, strictly speaking, neither one of fact nor of law, but of the minor policy type involved in such matters as whether the owner of a dairy farm should decrease the deduction due to expense of operation because he has consumed some of the milk produced by the dairy. These are just the sort of questions that the Tax Court, because of its wide experience in tax matters, is peculiarly competent to decide. I would not disturb its decision here, which is in accord with its decision in a number of other cases.