COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Richard E. and Helen MORAN,
Respondents.

No. 15505.

United States Court of Appeals
Eighth Circuit.

Sept. 10, 1956.

Rehearing Denied Oct. 8, 1956.

———◆———

Walter R. Gelles, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., and Lee A.

**596**

Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for petitioner.

J. Weston Miller, Springfield, Mo. (Perry A. Ennis and Miller, Fairman & Sanford, Springfield, Mo., on the brief), for respondents.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

The Commissioner of Internal Revenue has petitioned for a review of a decision rendered by the Tax Court of the United States. The facts of the single issue to be reviewed are not in dispute.

The taxpayers, husband and wife, were co-partners operating the Hotel Moran in Springfield, Missouri. Both are experienced hotel operators and participated extensively in the management of this hotel. In performing their various duties, it was necessary for them to be present in the hotel during the night as well as the daytime. Taxpayers occupied three rooms in the hotel as a residence and ate their meals in the hotel as a convenience and as a benefit to the business. No amount representing cost of food personally consumed by them was eliminated from the expenses of the business, nor was the amount attributable to their personal living quarters eliminated from the hotel rental expense in arriving at the net income of the partnership. See Rev.Rul. 80, 1953—1 Cum. Bull. 62. Accordingly, the Commissioner determined the cost of these personal living expenses to be $3,000 for each of the taxable years 1949 and 1950. He eliminated these amounts from the partnership expenses and sent the taxpayers a deficiency notice in the amount of $3,000 for each taxable year, representing the cost of food personally consumed and the pro rata portion of rent allocable to their living quarters. This adjustment resulted in the addition of $3,000 to the net income of the partnership in each of the taxable years.

In the petition for review of deficiency determination before the Tax Court, two issues were raised: (1) Whether the costs and expenses attributable to furnishing meals and lodging to the resident co-partners of a hotel business were properly eliminated by the Commissioner in computing ordinary net income of a partnership; and (2) if so, the proper amounts to be eliminated. The Tax Court decided the first issue against the Commissioner on the authority of Doak v. Commissioner, 24 T.C. 569, and thus it became unnecessary to determine proper amounts to be eliminated as would be required by the second issue.

■ In disposing of the instant case, the Tax Court re-asserted its own decision in Doak v. Commissioner, supra, as well as a prior decision, Papineau v. Commissioner, 16 T.C. 130. The Doak case, containing a factual situation comparable to this case, was appealed to the Court of Appeals for the Fourth Circuit and was reversed with one judge dissenting. Commissioner of Internal Revenue v. Doak, 4 Cir., 1956, 234 F.2d 704. This court has repeatedly held, particularly in tax matters, that the decision of another Court of Appeals should be followed unless demonstrably erroneous or there appear cogent reasons for its rejection. Birmingham v. Geer, 8 Cir., 1950, 185 F.2d 82, 85, certiorari denied 1951, 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686.

"It is important that, so far as possible and particularly with respect to questions affecting the administration of taxing statutes, there should be uniformity of decision among the circuits. We would not be justified in refusing to follow the decision of the Circuit Court of Appeals in the Avalon case [Avalon Amusement Corp. v. United States, 7 Cir., 165 F.2d 653] unless convinced that it was clearly wrong. United States v. Armature Rewinding Co., 8 Cir., 124 F.2d 589, 591; United States v. Kelley, 8 Cir., 110 F.2d 922, 924; Grain Belt Supply Co. v. Commissioner of Internal Revenue, 8 Cir., 109 F.2d 490, 492." See also Lazier v. United States, 8 Cir., 1948, 170 F.2d 521, 526, 9 A.L.R.2d 324.

However, it is not wholly on the basis of the Fourth Circuit's decision that we are reversing the Tax Court. We are of the opinion that there is good reason for holding the expenses in question, while of a quasi business nature, are nevertheless personal and therefore non-deductible. Section 24(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 24(a) (1) [1] prohibits the deduction of personal expenses "in any case" in computing net income. The Tax Court here has allowed the taxpayers to deduct from their individual gross income the cost of food personally consumed and the rental expense for lodging. In so doing, the Tax Court does not consider these expenses personal. We, however, fully concur with the statement of the Fourth Circuit in the Doak case, supra [234 F.2d 709]:

> "True it is, as has been pointed out previously, that the items here involved may be viewed, on the one hand, as business expenses, on the other hand, as personal. We think their essential nature, their inherent and dominant attributes characterize them as personal with a tinge of business and not as business with a personal tinge. And we see section 24(a) (1) as an absolute blanket inclusion of these items in income, thereby prohibiting their deductibility, unless the federal statutes expressly and clearly provide to the contrary. There are no such statutes."

It is conceded that the taxpayers " * * * lived at the hotel and took their meals there of necessity and for the convenience and benefit of the business". It does not follow, however, that the food and lodging expenses become business expenses of the taxpayers. They are essentially personal in nature. Everyone must have food and shelter. They are personal things essential to all of us alike, regardless of occupation. They do not lose their personal characteristics because they may contribute indirectly to a taxpayer's business activities. If that were not so, a taxpayer's lunch necessarily purchased away from home, his cost of going to the office or factory and returning, and innumerable other items would become business expenses of the individual taxpayer. It is true that certain expenses normally personal may become deductible by reason of intimate relation to an occupation carried on away from home or partially away from the principal place of doing business, but this is so because of the predominant business characteristics of the expense. See, e. g., Blackmer v. Commissioner, 2 Cir., 1934, 70 F.2d 255, 92 A.L.R. 982 (entertainment); Powell v. Commissioner, 1936, 34 B.T.A. 655, affirmed 1 Cir., 1938, 94 F.2d 483 (travel). A personal expense exists when it is incurred by all people generally, regardless of occupation. Smith v. Commissioner, 40 B.T.A. 1038, affirmed without comment, 2 Cir., 1940, 113 F.2d 114. The fact that such expense is incidentally incurred at the place of business does not convert the expense into a purely business item. In any event, there was no showing by the taxpayers that their expenditures for food and lodging were greater than they otherwise would have been had they not lived in the hotel. There must be clear and detailed evidence that these costs were in excess of what otherwise would be expended. Sutter v. Commissioner, 21 T.C. 170.

The Tax Court has apparently assumed that the so-called "convenience of employer" rule applies to this case. See Treas.Reg. 111, § 29.22(a)–3. This rule allows a taxpayer-employee who, solely for the convenience of his employer and as a necessary incident of the proper performance of his duty, receives food and lodging, to exclude the value

---

1. Section 24 provides:
   "§ 24. *Items not deductible*
   "*(a) General rule.* In computing net income no deduction shall in any case be allowed in respect of—

   "(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x)".

thereof from taxable income. This rule pertains only to a situation where the employer and employee are two taxable entities and has no relevancy where the one furnishing meals and lodging is the same taxpayer receiving them. It is an elemental concept that a partnership has no separate legal existence for tax purposes; individuals carrying on an enterprise in partnership shall be liable for tax only in their individual capacity. 26 U.S.C.A. § 181, Internal Revenue Code of 1939; cf. Commissioner of Internal Revenue v. Whitney, 2 Cir., 1948, 169 F.2d 562, 564–565, 568, certiorari denied 335 U.S. 892, 69 S.Ct. 246, 93 L.Ed. 429. If the Code treated a partnership as a separate taxable entity and the partners as employees, costs such as we have here might be deductible. Instead, the taxpayers and not the hotel are the taxable unit. This concept of tax unity existing between the partner and partnership prohibits a taxpayer from reducing his taxable business income by treating necessary services performed by himself as if performed by an employee. No such deduction is allowable because an individual cannot be his own employee nor can a partner be an employee of his own partnership. In re Tilton's Estate, 8 B.T.A. 914; Accord: Pauli v. Commissioner, 11 B.T.A. 784.

The taxpayers assert that before this court can reverse the Tax Court there must be presented here a more complete record, particularly as to the facts upon which the $3,000 deficiency is based. This involves the second issue presented to the Tax Court but which was not passed on by that court because it determined the first issue in favor of the taxpayers. Counsel for the petitioner conceded on oral argument that inasmuch as the Tax Court had found it unnecessary to determine the second issue, that this court should, in the event of a reversal on the first issue, send the case back to the Tax Court to determine the correct amount.

This case is accordingly reversed and remanded so that the Tax Court may determine the second issue.