Thomas Robinson and Elaine Robinson, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 61744.    Filed October 13, 1958.

*Samuel M. Monatt, C. P. A.*, for the petitioners.
*Paul D. Ritter, Esq.*, for the respondent.

Withey, *Judge:* The respondent has determined a deficiency of $241.16 in the petitioners' income tax for 1953. The only issue for decision is what portions, if any, of the deductions taken by petitioners in their income tax return for operating costs and expenses incurred in the operation of a lodge and guest ranch represented personal living expenses of the petitioners and therefore were not deductible.

### FINDINGS OF FACT.

The petitioners, who are husband and wife, have their residence and place of business at R. D. No. 2, Stroudsburg, Pennsylvania. They filed their joint individual income tax return for 1953 with the director at Scranton, Pennsylvania.

During 1953 the petitioners owned and operated a lodge and guest ranch 7 miles west of Stroudsburg under the name of Twin Pines Lodge and Guest Ranch, sometimes hereinafter referred to as the resort. All of their income for 1953 was derived from that business.

In addition to providing meals and lodging for their guests at the resort, the petitioners also maintained stables with from 30 to 40 horses for the guests' use.

The resort was closed during the months of January and December 1953. During those months the petitioners went away on vacation. During the remainder of the year the petitioners lived in an apartment which they had built on to the main resort building but which was without a door connecting with that building. The apartment, which was built at a cost of approximately $3,500, was built by the petitioners for their personal use. Most of the furnishings in the apartment had been acquired by petitioners before they entered into the resort business about 1938. They took no deduction in their income tax return for 1953 for depreciation of the apartment structure or the furnishings therein.

Except for the 2 months the petitioners were on vacation they gave their full time and attention to the operation of the resort in 1953. Prior to opening the resort for the year the petitioners were engaged in making preparations for reopening.

During 1953 the resort was open for business about 8½ months or exactly 257 days. During those days, guests were served 3 meals a day. On each of those days the petitioners together averaged eating a total of 5 meals in the resort. Other meals eaten by the petitioners when the resort was open for business and meals eaten by them when the resort was not open were either eaten in restaurants or in their apartment where they were prepared from food purchased by petitioners. Neither the cost of petitioners' meals in restaurants nor the cost of food eaten in their apartment was included in the cost of food used in the operation of the resort and deducted by petitioners in their income tax return. A total of 29,766 meals was served in the resort during 1953 to guests and employees and to petitioners. It was necessary in the operation of the resort that the two petitioners live there and eat the meals in the resort which they actually ate there during 1953.

In their income tax return for 1953 the petitioners took deductions, among others, for the following items in the indicated amounts as costs or expenses incurred in the operation of the resort during that year:

| | |
|---|---:|
| Food | $14,156.00 |
| Insurance | 1,592.32 |
| Fuel | 1,090.68 |
| Electricity | 1,054.06 |
| Laundry | 456.12 |
| Telephone | 390.74 |

The foregoing amounts included the cost of the food consumed by petitioners in the resort, the cost of insurance on petitioners' apartment, the cost of heat and electricity for the apartment, the cost of a small amount of laundry and cleaning for the petitioners, and petitioners' use of the telephone at the resort for personal purposes.

In determining the deficiency in question the respondent disallowed an amount of $1,200 with the following explanation:

The deductions claimed on your income tax return for the taxable year ended December 31, 1953 for operating costs and expenses have been disallowed in the amount of $1,200.00 for the costs attributable to your meals, lodging, and other personal and family living expenses.

### OPINION.

Relying on our decisions in *Everett Doak*, 24 T. C. 569, and in *Richard E. Moran*, T. C. Memo. 1955–202, the petitioners contend that the respondent erred in determining that any portion of the deductions

taken by them as costs and expenses of operating the resort represented their personal living expenses and consequently was not allowable. The respondent contends that a portion of each of the deductions taken by petitioners for food, insurance, fuel, electricity, laundry, and telephone represented personal expenses of the petitioners, that the total of such portions was $1,200 and that his disallowance of that amount was proper. In support of his contention he relies on *Commissioner* v. *Doak*, 234 F. 2d 704 (C. A. 4, 1956), and *Commissioner* v. *Moran*, 236 F. 2d 595 (C. A. 8, 1956), in which our decisions in the *Doak* and *Moran* cases, respectively, were reversed. The respondent also relies on *United States* v. *Briggs*, 238 F. 2d 53 (C. A. 10, 1956).

In *Everett Doak, supra*, the taxpayers, husband and wife, during 1950 owned and operated a hotel. They gave their full time and attention to the operation of the hotel in which they occupied rooms and ate most of their meals. It was necessary in the operation of the hotel that the taxpayers live and eat the meals in the hotel which they actually ate there during 1950. On authority of *George A. Papineau*, 16 T. C. 130, we held that the expenses of the hotel should be computed without eliminating portions of depreciation, cost of food, wages, and general expenses to represent the cost of meals and lodging furnished to the taxpayers.

The taxpayer in the *Papineau* case was a member of a partnership which during 1944 operated a hotel. He was manager of the hotel and devoted all of his time to his duties in that capacity. Pursuant to an agreement with his partners, he lived in the hotel and took his meals there. That arrangement was essential in order to manage the hotel to the best advantage of the partnership at all hours of the day and night. The question presented there was whether all or any part of the value of the meals and lodging which the taxpayer had at the hotel represented income to him. After considering the applicable portions of the Internal Revenue Code and the respondent's regulations relative thereto in connection with decisions regarded as pertinent to the question presented and after observing that the taxpayer was at the hotel, not for his own personal convenience and benefit so that his expenses were primarily living expenses, but to operate the hotel, we concluded that the taxpayer had no taxable income from the meals and lodging had by him at the hotel. In reaching that conclusion we said, among other things:

It is in accordance with sections 22 and 23 of the Internal Revenue Code that the expenses of operation be computed without eliminating small portions of depreciation, cost of food, wages, and general expenses to represent the cost of his meals and lodging and that he be not taxed with the value of his meals and lodging. There may be other similar examples where the business features of a dual item outweigh its personal living expense aspects.

68

On appeal by respondent to the Court of Appeals for the Fourth Circuit, our holding in the *Doak* case was reversed by a divided court. The majority of the court were of the view that "[t]he issue boils down to whether these expenses were predominantly personal or business in nature," and admitted that "such questions cause no little difficulty." After a consideration of the provisions of section 24 (a) (1) of the 1939 Code, the provisions of respondent's regulations relative thereto, and certain decisions deemed pertinent, in connection with our holdings in the *Papineau* and *Doak* cases the court said:

True it is, as has been pointed out previously, that the items here involved may be viewed, on the one hand, as business expenses, on the other hand, as personal. We think their essential nature, their inherent and dominant attributes characterize them as personal with a tinge of business and not as business with a personal tinge. And we see Section 24 (a) (1) as an absolute blanket inclusion of these items in income, thereby prohibiting their deductibility, unless the federal statutes expressly and clearly provide to the contrary. There are no such statutes.

In a dissenting opinion in the *Doak* case, Chief Judge Parker expressed the view that our decision in the *Doak* case should be affirmed for the reasons stated therein and in the *Papineau* case. He further stated:

The question involved is not one of deducting personal expenses from a tax return. It is whether deductions for the expense of operating the business should be decreased because the owner of the hotel eats and lodges at the hotel in connection with operating it. The Tax Court answered this question in the negative on the theory that meals and lodging incidental to carrying on a business are to be treated as an expense of the business rather than as a personal expense. It is on this theory that the statute excludes from gross income of an employee the value of meals furnished the employee whose presence is required on the premises. See section 119 of the Revenue Code of 1954. There is no reason why the value of such meals should be considered as income and as the personal expense of the taxpayer merely because he is self employed in his own business rather than employed in the business of another. The question involved is, strictly speaking, neither one of fact nor of law, but of the minor policy type involved in such matters as whether the owner of a dairy farm should decrease the deduction due to expense of operation because he has consumed some of the milk produced by the dairy. These are just the sort of questions that the Tax Court, because of its wide experience in tax matters, is peculiarly competent to decide. I would not disturb its decision here, which is in accord with its decision in a number of other cases.

In *Richard E. Moran, supra*, the taxpayers, husband and wife, during 1949 and 1950 operated a hotel in partnership. They performed various duties at the hotel which required them to be present in the hotel at different times during both the day and night. They lived at the hotel and took their meals there of necessity and for the convenience and benefit of the business. On authority of our decision in

*Everett Doak, supra,* we held that the respondent improperly eliminated the expense of such meals and lodging in computing the ordinary net income of the partnership and the taxpayers' distributive shares thereof.

On appeal by respondent of the *Moran* case to the Court of Appeals for the Eighth Circuit, that court followed the majority decision of the Court of Appeals for the Fourth Circuit in the *Doak* case and reversed our decision.

In *United States* v. *Briggs, supra,* the Court of Appeals for the Tenth Circuit in a per curiam opinion, and on authority of the majority opinion of the Court of Appeals for the Fourth Circuit in the *Doak* case and on authority of the decision of the Court of Appeals for the Eighth Circuit in the *Moran* case, reversed the United States District Court for the District of Colorado which had held that the living costs of a managing partner and of his family who was required under the partnership agreement to live at the hotel and manage the same were deductible business expenses of the partnership under section 23 (a) (1) of the Internal Revenue Code of 1939.

After carefully reconsidering the problem here presented in the light of the decisions of the Courts of Appeals for the Fourth, Eighth, and Tenth Circuits in the *Doak, Moran,* and *Briggs* cases, respectively, we are, with all due respect to those courts, unable to apply their decisions here since we are of the opinion that the *Papineau, Doak,* and *Moran* cases were correctly decided by us.[1]

Being of the opinion that the factual situation presented here falls within the purview of our decision in the *Doak* case, we hold for the petitioners.

Since the respondent made other determinations respecting the petitioners' tax liability which are not involved herein,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

OPPER, FISHER, and MULRONEY, *JJ.,* dissent.

---

RAUM, *J.,* dissenting: The issue is not free from doubt and several courts of appeals have passed upon it. I would follow their decisions.

PIERCE and ATKINS, *JJ.,* agree with this dissent.

---

[1] In this case, unlike *Arthur L. Lawrence,* 27 T. C. 713, reversed on another issue 258 F. 2d 562, the Court of Appeals for the circuit to which this case would normally go on appeal has not yet passed on the question here involved.