COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

Thomas ROBINSON and Elaine Robinson,
Respondents.

No. 12940.

United States Court of Appeals
Third Circuit.

Argued Nov. 17, 1959.

Decided Dec. 23, 1959.

McLaughlin, Circuit Judge, dis-
sented.

Grant W. Wiprud, Washington, D. C.
(Charles K. Rice, Asst. Atty. Gen., Mey-
er Rothwacks, Harry Baum, John J.
Pajak, Attys., Dept. of Justice, Washing-
ton, D. C., on the brief), for petitioner.

Maxwell H. Cohen, Stroudsburg, Pa.,
for respondent.

Lord, Day & Lord, Charles W. Merritt,
Gerard A. Navagh, New York City, on
the brief, for the American Hotel Ass'n,
amicus curiae.

Before BIGGS, Chief Judge, and
GOODRICH and McLAUGHLIN, Cir-
cuit Judges.

GOODRICH, Circuit Judge.

This is an income tax case concerning
the income of the taxpayers for the year
1953. The taxpayers won before the
Tax Court, 1958, 31 T.C. 65, and the
Commissioner appeals.

The problem involved is one which has now become familiar in the various Courts of Appeals. There is no dispute on the facts. The taxpayers (husband and wife) own and operate a resort hotel in the Pocono Mountains not far from Stroudsburg, Pennsylvania. For about ten months of the year they live on the premises. They occupy living quarters in a dwelling attached to the main building of the hotel but not opening into it. During the period when there are guests, taxpayers eat their meals in the hotel dining room. It is necessary in the operation of the hotel by the taxpayers that they live on the premises and eat in the hotel dining room.

On their joint return for 1953 the taxpayers took deductions for items incurred in the operation of their enterprise which included amounts attributable to the cost of the food which they consumed, insurance on their apartment, heating and lighting for the apartment, personal telephone calls and a small amount of personal cleaning and laundry. The Commissioner, asserting that these amounts were nondeductible personal expenses, disallowed deductions in the amount of $1,200. The majority of the Tax Court, following a line of cases decided by that body,[1] decided in favor of the taxpayers.

The case arises under the 1939 Internal Revenue Code. Section 24(a) (1) provides that "no deduction shall *in any*

*case* be allowed in respect of—(1) Personal, living, or family expenses * *." (emphasis added), 26 U.S.C.A. § 24(a) (1). The argument for the taxpayers is that the expenses in question are not "personal" expenses but are business expenses and, therefore, properly deductible under Section 23(a) (1) (A) of the 1939 Code, 26 U.S.C.A. § 23(a) (1) (A).[2]

The decision of the Tax Court's majority constituted a somewhat obdurate adherence to its previous decisions in spite of three Courts of Appeals decisions to the contrary. The first of these was a Fourth Circuit case decided in 1956, Commissioner of Internal Revenue v. Doak, 234 F.2d 704. Judge Dobie wrote the majority opinion; Chief Judge Parker dissented. The considerations on each side of the question are very competently and fully set out there. The next case was in the Eighth Circuit, also in 1956, Commissioner of Internal Revenue v. Moran, 236 F.2d 595. There, again, the merits were discussed. The third case was in the Tenth Circuit, again in 1956, United States v. Briggs, 238 F.2d 53. The court there, in a per curiam, was content to cite and follow the Doak and the Moran decisions.

██ Even if this were an original question, we would have no desire to reach a conclusion other than that reached in the three cases just cited. The "convenience of employer" rule[3] has

---

1. George A. Papineau, 1951, 16 T.C. 130, non-acq., 1952–2 Cum.Bull. 5; Everett Doak, 1955, 24 T.C. 569, reversed 4 Cir., 1956, 234 F.2d 704; Richard E. Moran, 14 CCH Tax Ct.Mem. 813 (1955), reversed 8 Cir., 1956, 236 F.2d 595.

2. "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:
   "(a) Expenses.
   "(1) Trade or business expenses.
   "(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals

and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * *."

3. Under the 1939 Code this rule appeared in a Treasury regulation.
   "§ 39.22(a)–3 *Compensation paid other than in cash* * * *. If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or

no application here. A partnership is not an employer of the partners. It makes a return[4] but the individual partners in their own personal returns account for their distributive shares of net income and net loss.[5]

"Payments made to a partner for services rendered and for interest on capital contributions are not deductible in computing the net income of the partnership, such payments being held to represent a division of partnership profits." Treas. Reg. 118, § 39.183–1(b).

It is true, obviously, that these taxpayers incurred expenses while on the premises in the operation of business; expenses for food, light, heat and so on. But the millions of taxpayers in this country who spend money for carfare, lunches and clothes each day, in order that they may arrive at their places of business and be fit to carry it on, cannot deduct what they pay the bus company, the restaurant proprietor and the clothing merchant for their transportation, food and clothes. Each incurs personal expenses in order that he may carry on his business enterprise, whatever it may be. These taxpayers are in the same situation.

No doubt if the taxpayers hired a resident manager they could deduct a proper allowance of salary for him and he would not be compelled to pay taxes on the value of his food and lodging under the "convenience of the employer" rule; and if the taxpayers formed a corporation and were hired by the corporation to live and work on the premises the same would be true. But if their choice is to do this work of management themselves, and to work as a partnership rather than for a corporation, they cannot take deductions for personal expenses just as the thousands of commuters, who come into the cities each day and go out each night, cannot deduct such items.

■■■ The taxpayers also complain about the amount disallowed. But it is presumed that the Commissioner's figure is correct and there is nothing in the evidence in this case to overthrow that presumption.

The judgment of the Tax Court is reversed and the case remanded for proceedings not inconsistent with this opinion.

McLAUGHLIN, Circuit Judge (dissenting).

I do not think the problem before us is as cut and dried as it appears to the majority.

In Commissioner of Internal Revenue v. Doak, 4 Cir., 1956, 234 F.2d 704; Commissioner of Internal Revenue v. Moran, 8 Cir., 1956, 236 F.2d 595, and in the case now before us, the Commis-

---

meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees. * * *" Treas.Reg. 118, § 39.22(a)–3.

Congress enacted the rule into the 1954 Code.

"§ 119. Meals or lodging furnished for the convenience of the employer

"There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

"(1) in the case of meals, the meals are furnished on the business premises of the employer, or

"(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

"In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation." Int.Rev.Code of 1954, § 119, 26 U.S.C.A. § 119.

4. Int.Rev.Code of 1939, § 187, 26 U.S.C.A. § 187.

5. Int.Rev.Code of 1939, §§ 181, 182, 26 U.S.C.A. §§ 181, 182.

sioner conceded the expenses were necessary. The sole remaining question then is "whether these expenses were predominantly personal or business in nature." Commissioner of Internal Revenue v. Doak, supra, 234 F.2d at page 706. The fact that similar expenses are incurred by other taxpayers does not automatically dispose of the issue. Even the Moran case admits this, saying "It is true that certain expenses normally personal may become deductible by reason of intimate relation to an occupation carried on away from home or partially away from the principal place of doing business, *but this is so because of the predominant business characteristics of the expense.*" Commissioner of Internal Revenue v. Moran, supra, 236 F.2d at page 597. (Emphasis supplied.) It would appear that in this area each case should be decided on its facts rather than be forced, meritorious or not, under a blanket prohibition as a matter of expediency.

Again in the Doak and Moran cases, and in the majority opinion here, it is conceded that the very same expenses would be deductible if the taxpayers were employees of another or, if they had incorporated their business, under the "convenience of employer" rule. This is nothing more than penalizing the self-employed, unincorporated business man. The above concessions imply that the expenses are predominantly business in nature. They therefore should be deductible irrespective of the form of business or status of the taxpayer. As the late Chief Judge Parker stated in his dissenting opinion in Doak, "There is no reason why the value of such meals should be considered as income and as the personal expense of the taxpayer merely because he is self-employed in his own business rather than employed in the business of another."

I would affirm the decision of the Tax Court.