John T. STEEN and Nell D. Steen, Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 74-2185.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1975.

Rehearing Denied March 25, 1975.

John W. Davidson, Richard W. Wolf, Joe C. Elliott, San Antonio, Tex., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Chris J. Ray, Atty., Meade Whitaker, Chief Counsel, Internal Revenue Service, Meyer Rothwacks, Chief, App. Sec., Tax. Div., Dept. of Justice, Ernest J. Brown, Gary R. Allen, Donald H. Olson, Attys., Tax. Div., Dept. of Justice, Gilbert E. Andrews, Acting Chief, App. Sec., Dennis M. Donohue, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before DYER, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Treating the main house, pool house and guest house on his River ranch as farm buildings, Steen claimed a deduction for depreciation in the years 1968 and 1969. The Commissioner disallowed the deduction, the Tax Court upheld the Commissioner, 61 T.C. 298, and Steen appealed. We affirm.

The houses were on the ranch at the time of its purchase by Steen. The main house was put to three uses: Steen and his foreman would sometimes meet briefly on Steen's weekend visits to the ranch; Steen and his wife would occasionally stay overnight on his weekend visits; and Steen entertained business and social friends on 26 days during the two year period. The house was otherwise never lived in, rented or occupied.

The thrust of Steen's argument is that he purchased the River ranch to make his other two ranches more profit-

able, and since the houses were on the farm at the time of purchase they must be considered farm buildings and depreciable. We disagree.

 Treas.Reg. § 1.167(a)–6(b) provides, *inter alia*, that "[a] reasonable allowance for depreciation may be claimed on farm buildings (except a dwelling occupied by the owner), farm machinery, and other physical property but not including land." However, this regulation must be read in light of its underlying statute, Int.Rev.Code of 1954, § 167(a)(1), which in the factual context of this case limits a depreciation deduction to property "used in the trade or business." Reading the statute and regulation together, and in such a manner as to avoid a construction which brings the validity of the regulation into question, Northern Natural Gas Co. v. O'Malley, 8 Cir. 1960, 277 F.2d 128, we conclude that the term "farm buildings" must be interpreted to mean buildings *used* in the business of farming and not merely buildings *located* on a farm.

Steen's alternative argument is that the main house was principally used as the headquarters for his ranching operations, and was therefore, in any event, used in his trade or business. We agree with the Tax Court that since the main house was only used for occasional discussions of brief duration between Steen and his foreman, "[t]o say that this rather large residence with a swimming pool, pool house, and guest house were a part of and used in the ranching operation stretches the imagination."

Finally, Steen asserts that the Tax Court was in error for failing to allocate a portion of the house to business use. The short answer to this is that Steen failed to raise the question of use allocation below. The Tax Court was inclined, *sua sponte*, "to allow petitioners a deduction for depreciation on a small part of the main house on the theory that it was used in the business as a ranch office," but was unable to do so because there was no evidence upon which it "could base even a guess on that part of the entire allocated cost of the main house that might be attributed to business use."

Finding no error in the Tax Court's disposition of the case, its decision is

Affirmed.