JAMES ALMAN AND VIOLA S. ALMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alman v. Commissioner
Docket No. 8089-79.
United States Tax Court
T.C. Memo 1983-444; 1983 Tax Ct. Memo LEXIS 348; 46 T.C.M. (CCH) 876; T.C.M. (RIA) 83444; July 27, 1983. James Alman, pro se. Willie Fortenberry, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $1,101.07 in petitioners' Federal income tax for 1976. The issues for decision are: 1. Whether petitioners are entitled to a deduction in the amount of $2,793.68 claimed for depreciation on a home computer under section 167; [1]
2. Whether petitioners are entitled to an office-in-home deduction in the amount of $270.08 under section 280A; and 3. Whether petitioners are entitled to deductions totaling $237.09 *351 for miscellaneous expenses under sections 162 or 212. [2]
When they filed their petition in this case, petitioners James Alman and Viola S. Alman, husband and wife, were legal residents of St. Paul, Minnesota. They filed a joint Federal income tax return for 1976 with the Ogden Service Center, Ogden, Utah. 1. Home Computer, Line Printer, and Calculator
Petitioner James Alman (hereinafter petitioner) was employed in 1976 as an electrical engineer by Honeywell, Inc. Viola S. Alman was employed by Cardiac Pacemakers as a secretary during 1976. Sometime after 1976, petitioners moved to Florida where, at the time of trial, petitioner was employed by Martin-Marietta Corporation. While employed at Honeywell, petitioner's actual engineering assignments ran from 2 weeks to a year. When an assigned project was completed, petitioner's name *352 was placed on a "lay-off list." He had responsibility to find a new assignment at Honeywell by providing resumes to supervisors in charge of hiring engineers for new projects and then interviewing for the assignments. During the period between assignments, which could run a maximum of 4 to 6 weeks, petitioner continued to receive a salary and to have an assigned office space at the company. If an employee failed to find a new assignment in the allotted layoff period, his services were terminated. On his income tax return for 1976, petitioner claimed a deduction for depreciation computed as follows: Capital Equipment Depreciation
Computer 20 percent St. line $15,050
$2,709.00
Line Printer 40 percent DDB $90
36.00
Calculator 40 percent DDB $121.72
48.68
Total
$2,793.68
The notice of deficiency disallowing the $2,793.68 deduction states: Since you did not establish (A) the cost or other basis of the assets, and (B) that it is depreciable, no depreciation is allowed.
Section 167 permits a depreciation deduction for a reasonable allowance for the exhaustion, *353 wear and tear of "property used in the trade or business" or of "property held for the production of income." [3] The allowance is that amount which should be set aside for the taxable year in accordance with a reasonably consistent plan so that the aggregate amount so set aside, plus the salvage value of the property, will at the end of its useful life equal the cost or other basis of the property. Sec. 1.167(a)-1(a), Income Tax Regs.
Petitioner failed to prove his cost or other adjusted basis for the computer and the other two items. He testified that he bought the computer in 1973 but provided no other details. When the $15,050 figure set forth in the return was called to his attention, petitioner testified: "That's the replacement cost *354 for this computer, right." No other evidence was offered as to its basis. The law is settled that replacement value may not be used as the basis for determining depreciation. Frost Mfg. Co. v. Commissioner,13 B.T.A. 802, 809 (1928); see Morgan v. Commissioner,T.C. Memo. 1962-282, affd. per curiam 324 F.2d 500 (4th Cir. 1963). [4] Because petitioner failed to show his cost or other basis for the computer and line printer, the claimed deduction cannot be allowed for that reason alone. Equally fundamental to the claimed deduction, petitioner has not convinced us that the compouter was depreciable property within the meaning of section 167, i.e., that it was used in his trade or business or for the production of income. If property is owned and maintained for both personal and business purposes, a reasonable allowance for depreciation may be deducted where such acquisition and maintenance is primarily for business purposes, with personal use "merely incidental and relatively insignificant. *355 " International Artists, Ltd. v. Commissioner,55 T.C. 94, 105 (1970). If, on the contrary, personal use is primary and business use merely incidental, no depreciation deduction is permitted. Where both substantial business and personal use exists, an allocation between the two will be made. International Artists, Ltd. v. Commissioner,supra at 104-105; see Steen v. Commissioner,61 T.C. 298 (1973), affd. per curiam 508 F.2d 268 (5th Cir. 1975). Petitioner has failed to prove any substantial business use of the computer equipment. He testified that during 1976 while a salaried employee of Honeywell, a computer company, he used the computer (1) to type State tax forms and related documents, (2) to type resumes for Honeywell assignments, and (3) to work on a Honeywell project for the development of a random number generator. The occasional use of such an expensive item as the computer and line printer for typing resumes and tax papers does not establish any substantial business usage. Moreover, as to the use of the computer and line printer in the preparation of papers relating to a tax dispute in 1976 with *356 the State of Minnesota, it is not at all clear that such use will support a depreciation deduction. Section 167 limits the depreciation deduction to property used in a trade or business or for the production of income. Expenses related to disputes as to tax liability, on the other hand, are generally allowable as deductions only under section 212(3).In any event, neither the preparation of tax papers nor the typing of resumes constitutes substantial usage of the equipment. As to the Honeywell project, we do not find the testimony convincing. We are not persuaded that petitioner used his home computer to any substantial extent in "carrying on" his Honeywell employment within the meaning of section 167.Petitioner's testimony in this respect, we are convinced, was an afterthought, and any use of the computer at his home on Honeywell business was only occasional or incidental to his personal use. Petitioner also testified that he used the computer for educational purposes and to keep up with advances in engineering. Section 162(a) allows a deduction for "all the ordinary and necessary expenses *357 paid or incurred * * * in carrying on any trade or business." Section 262, on the other hand, disallows deductions for "personal, living, or family expenses." The regulations implementing that section provide that "[e]xpenditures made by a taxpayer in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and section 1.162-5 [Income Tax Regs.]" [5]Sec. 1.262-1(b)(9), Income Tax Regs.
Section 1.162-5(a), Income Tax Regs., provides that educational expenses are business expenses if the education: (1) Maintains or improves skills required by the individual in his employment or other trade or business, or
*358 (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. There is no evidence whatever to support the claimed deduction under section 1.162-5(a)(2), Income Tax Regs., quoted above. Petitioner's claimed deduction must be justified, if at all, on the theory that use of the home computer maintained or improved the skills required in his business. This Court has recognized that, although the term "education" is not defined in the regulations, it is not limited to formal courses of instruction in an educational institution. Lage v. Commissioner,52 T.C. 130, 134 (1969). The term may include the obtaining of knowledge and information from the use or operation of equipment. Boser v. Commissioner,77 T.C. 1124, 1130 (1981); cf. Zimmerman v. Commissioner,71 T.C. 367, 369 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); *359 Jouett v. Commissioner,T.C. Memo. 1982-99 (use of automobile for transportation from place of work to educational site may be deductible under section 162). But to qualify for a depreciation deduction as an element of a deductible educational expense under section 1.162-5, Income Tax Regs., petitioner has the burden of showing a direct and proximate relationship between his use of his home computer and the skills required in his employment, Boser v. Commissioner,supra at 1131. [6] He has not carried that burden. Petitioner's testimony as to the educational value of his use of his home computer is cast in vague and general terms and is not corroborated by any other testimony or evidence. His testimony shows the content of none of his alleged training. It does not show, for example, that he studied from any particular books or manuals, that he followed *360 any other systemized program of study, or that he carried out any type of research. He has not provided even a rudimentary description of any skills that he maintained or improved as a result of his home computer use except to state that he had made himself "a self-educated computer expert" in "programming computers and how to make computers work under different circumstances." How his home computer training, in specific terms, served these ends is left unanswered. The credible testimony does not show the requisite direct and proximate relationship between his use of his home computer and his employment. Petitioner has not presented convincing evidence that he, a technologically inclined person, did not use the home computer mainly for nonbusiness purposes. Consistent with our holding with respect to an earlier year, we conclude that petitioner does not qualify for the coveted deduction with respect to the computer and line printer. Alman v. Commissioner,T.C. Memo. 1979-467, affd. without published opinion 634 F.2d 631 (8th Cir. 1980). The depreciation deduction for the calculator must also be denied. Respondent determined that no deduction *361 was allowable because, among other reasons, petitioner had not proved the calculator's cost or other basis. While the testimony suggests that the calculator was used at least in part for business purposes, the record does not establish the amount of business use in 1976, the basis of the calculator, its useful life, or even whether it was properly depreciable. Again, petitioner has not carried his burden of proof, and respondent's determination is sustained. 2. The Home Office
Petitioner set aside one room in his 9-room house for an office study. In this room, he kept his computer, a desk, file cabinets, telephone, financial records, and a bookcase containing technical books. On his return he claimed a deduction equal to one-tenth of certain costs--depreciation on the house, utility bills, and insurance--and one--half of the local service charge for telephone use. The home office expense deduction must be denied under section 280A. Section 280A(a) prescribes a general rule that no deduction "shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer *362 during the taxable year as a residence." Petitioner apparently relies on an exception in section 280A(c)(1)(A), which permits a deduction for a home office exclusively used, on a regular basis as a taxpayer-employee's principal place of business if such exclusive use was for the convenience of his employer. This Court has defined "principal place of business" as the "focal point" of petitioner's trade or business. Baie v. Commissioner,74 T.C. 105 (1980). The focal point of petitioner's business as an engineer was his office at Honeywell. The home office may have been helpful to petitioner in his employment in providing him with a place conducive to studying his professional journals or typing his resumes, but that is not the test. Because the home office was not petitioner's principal place of business, no home-office expenses are allowable. [7]
*363 Included among the home office expenses on petitioner's tax return is a deduction for a telephone expense. Petitioner was required by his employer to be reachable by telephone after regular working hours in order to handle problems that development in equipment that was being tested. He allocated 50 percent ($56.21) of the basic service charge ($112.43), excluding long distance calls, to this business use, and respondent allowed none of these expenses as a deduction. Petitioner provided no specific evidence as to the frequency with which he was called by his employer so as to bolster his selection of a 50-percent allocation. Based on all the facts, however, and bearing heavily against petitioner, whose inexactitude is of his own making, we hold that he is entitled to deduct 20 percent ($22.49) of the charge for local telephone service. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). 3. Miscellaneous Deductions
The third category of miscellaneous deductions includes deductions for computer materials ($197.84), rental of a safety deposit box ($10), and payment of a parking fee ($2.25). Because the computer itself is a personal item, the materials *364 used in its operation are generally nondeductible personal expenses; petitioner has not shown that any specific portion of his expenditures for materials is related to any business or other deductible purpose. The rental of the safety deposit box is deductible under section 212(2), which authorizes deductions for "the management, conservation, or maintenance of property held for the production of income," because petitioner kept in it income-producing securities. As for the parking fee, it was incurred while petitioner was at a hearing concerning his State taxes and, as such, was incurred "in connection with the determination, collection, or refund of any tax," within the meaning of section 212(3). Cf. Rev. Rul. 73-91, 1973-1 C.B. 71.The fee is, therefore, deductible. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. ↩
2. Respondent has conceded that petitioners are entitled to deduct $54 for professional fees (International Institute of Electrical Engineers) rather than the $27 petitioners claimed in their return.↩
3. On brief, petitioner appears also to rely on secs. 162(a) and 212, dealing with ordinary and necessary expenses to support the deduction, but the items in dispute were not purchased in 1976, the year before the Court; further, they are clearly capital items within the meaning of sec. 263, and their cost, if recoverable at all, would be deductible as depreciation under sec. 167. See discussion, infra.↩
4. See secs. 167(g), 1011, 1012, and 1016↩.
5. On brief, petitioner relies only on sec. 212, but the regulations under that section expressly provide that no deductions are allowable for "expenses of taking special courses or training." Sec. 1.212-1(f), Income Tax Regs.↩
6. If petitioner could prove this necessary nexus, he would still be required to prove that his expenses for this costly equipment were "ordinary and necessary" within the meaning of sec. 162(a). Boser v. Commissioner,77 T.C. 1124, 1132↩ (1981).
7. In addition, because we have held that petitioner used the computer, located in the home office, for personal nonbusiness purposes, the home office deduction is foreclosed because the office fails to meet the "exclusively used" test. It is also unclear that the office's use was for Honeywell's "convenience." Petitioner has not shown that his "consulting" activities reached the level of a trade or business in 1976, if indeed they ever did so.↩