J. ROGERS RAINEY, JR., AND KATHLEEN L. RAINEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rainey v. Commissioner
Docket No. 15782-86.
United States Tax Court
T.C. Memo 1988-314; 1988 Tax Ct. Memo LEXIS 342; 55 T.C.M. (CCH) 1315; T.C.M. (RIA) 88314; July 25, 1988. V. Camp Cuthrell, III, for the petitioners. Ramon Estrada, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 1,973 in petitioners' Federal income taxes for 1982. The issue for determination is whether petitioners are entitled to depreciation deductions for structures located on their ranch property. FINDINGS OF FACT *343 Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners were residents of Corpus Christi, Texas, at the time their petition was filed. At all material times, J. Rogers Rainey, Jr. (petitioner) was a practicing certified public accountant with offices in Corpus Christi, Texas. He also performed management services for ranches and farms and arranged oil drilling ventures for his clients. Petitioner had a background in agricultural management. In about 1977, petitioners acquired approximately 3,214 acres of ranch property in McMullen County, Texas. Petitioners leased the property for grazing in 1977. The property also produced income from mineral units, sale of water, sale of gravel, and a small lease to the Navy in relation to a target site installation. After acquisition of the property, petitioners installed a prefabricated house, a water well, a water line, and a septic tank on the premises. They also renovated a house on the premises used for storage and purchased furniture for the prefabricated house. The prefabricated house was approximately 100 miles, and a 2-hour drive, from petitioners' *344 residence. Petitioners, a consultant, and a game warden occasionally used the prefabricated house. In years other than 1982, petitioner hunted on the property. Petitioners reported net income and losses from the ranch operation as follows: 1981
Loss
$  7,995
1982
Loss
13,790
1983
Loss
3,053
1984
Net Income
20,405
1985
Net Income
10,247
OPINION Petitioner testified that the ranch property was held for the production of income and that structures on the property were used in that activity. Petitioners' position is "that the management of the property for profit is the property as a whole, whether it is the gravel, or the oil and gas, or the increasing the value of the property by increasing the value of the wildlife on the property, or whether it is increasing the value of the property by increasing the grazing and the general condition of the property." Without any evidence supporting his position, respondent asserts that the structures in question related to a "hunting operation" on the ranch. Respondent argues that petitioners' "hunting operation" was not a trade or a business operation in 1982, nor an activity eligible for deductions under *345 section 212. [1] Respondent asserts: [2]
Petitioner's own testimony was to the effect that (1) the property is not leased for hunting (Tr. p. 27), (2) the property has never been leased for hunting (Tr. p. 32), and (3) that it was not petitioner's intention to develop the land into a very "high-class hunting preserve." (Tr. p. 34) Thus, there is no sec. 212 deduction because petitioner did not intend to realize any income from the hunting operations. * * * *346 Respondent distorts petitioner's testimony to fit respondent's theory. Petitioner identified David Wolf as a consultant and the only person employed at the ranch. Wolf apparently used the prefabricated house. Cross-examination proceeded as follows: Q Okay. When you hired Mr. Wolf, was it in your mind to develop the land into a very high-class hunting preserve? A I think it would be better worded to say that I was -- to add value to the property to some extent, and make it a good piece of property for whatever purpose it was used. MR. ESTRADA: Your Honor, the response was not responsive. I would like a yes or a no. THE COURT: All right. Yes. He is entitled to an answer to his question, not to an explanation of you -- THE WITNESS: No. BY MR ESTRADA: Q To the best of your knowledge, in the area surrounding your property, are hunting rights and hunting leases a valuable portion of the total value of the land? A Yes. * * * REDIRECT EXAMINATION BY CR. CUTHRELL: Q You testified that -- on cross that you did not intend to create a high-class, I think, hunting preserve on this property as a result of your hiring Mr. Wolf. Is that correct? A That *347 is affirmative. Q What were your intentions, if you had any, with regard to the game management of that property? A To protect the deer that we had, and to increase the size of them, and increase the overall character of the entire herd. Q For what reason? A It adds value to the property. It adds more enjoyment to the property. It makes it more valuable. If I were to take somebody out to hunt, to have them hunting spike bucks and doe and -- were animals of no benefit to anybody. Q Do you have an opinion, based on your experience, as to whether or not you could operate and manage this property without the prefab house and the water line and the septic tank and the furniture? A I couldn't and -- I couldn't do it, for one. And for two, I believe -- my wife owns half of it, and I am quite sure she couldn't. She has that right, I believe, as well as I. Q Are you aware of any property located in this area that is -- are you aware of any ranch property that is located in an area such as this that does not have at least minimal facilities for a home, a simple -- a structure of type to live in? A Not that I have ever seen, in my whole life. We conclude that petitioner *348 has satisfied his burden of proving that the structures related to various income-producing activities maintained on the property. Petitioners are therefore entitled to depreciation deductions in relation to those structures. Section 167(a)(2); section 212(2). Respondent's reliance on Steen v. Commissioner,61 T.C. 298 (1973), affd. 508 F.2d 268 (5th Cir. 1975), is misplaced. In Steen, the taxpayer had purchased farm property, including a large residence with a swimming pool, pool house, and guest house. The taxpayer argued that because the structures were on the property at the time of the purchase, they must be considered "farm buildings" and depreciable. This Court and the Court of Appeals held that the buildings were not depreciable merely because they were located on a "farm" when there was no showing that the buildings were actually used in the business of farming. By contrast, petitioner's uncontradicted and unimpeached testimony in this case was sufficient to support a finding that the property in question was used in the income-producing activities, thereby requiring respondent to come forward with countervailing evidence. Because *349 respondent has not done so, petitioners prevail. Decision will be entered for the petitioners.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the year in issue. ↩
2. In his opening statement at trial, respondent's counsel asserted that there were two distinct operations, cattle grazing and hunting, on the property. He admitted that the cattle grazing operation was a trade or business. Respondent's Trial Memorandum stated: The petitioners have shown that they received $ 10,922.00 in gross income in 1982 consisting of income from pasturage, royalties and other. Even though they have not leased out their land for any game hunting, they have hired a consultant to do some long term planning with the hunting leases. The agent did not raise I.R.C. sec. 183↩ of whether the petitioner was engaged in a business to receive a profit. Most prospective buyers would be interested in the hunting aspect of the land because of where it is located. When the petitioners acquired the land it was in poor condition and by them overseeing the property, they have enhanced the value of the property by putting out corn and other items to feed the wild animals. Therefore, this is an expense incurred for the production or collection of income or for the management or the conversation of the property and should be allowed in full.