**Anne L. and Tobin ARMSTRONG, Appellants,**

v.

**R. L. PHINNEY, District Director of Internal Revenue, Appellee.**

**No. 24751.**

United States Court of Appeals
Fifth Circuit.

May 2, 1968.

Rehearing Denied July 11, 1968.

W. Dalton Tomlin, Marvin K. Collie, Houston, Tex., for appellants, Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel.

Ernest Morgan, U. S. Atty., Andrew L. Jefferson, Jr., Asst. U. S. Atty., San Antonio, Tex., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Edward Lee Rogers, Attys., Dept. of Justice, Washington, D. C., for appellee, Ted Butler, Asst. U. S. Atty., of counsel.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

Appealing from an adverse judgment[1] in the court below, taxpayer, Tobin Armstrong,[2] presents a novel question for our determination: Under the Internal Revenue Code of 1954 is it legally possible for a partner to be an employee of his partnership for purposes of section 119 of the Code? In granting the government's motion for summary judgment, the District Court answered this question in the negative. We disagree and reverse.

Taxpayer is the manager of the 50,000 acre Armstrong ranch located in Armstrong, Texas. Beef cattle are raised and some of the land contains certain mineral deposits. The ranch is owned by a partnership in which taxpayer has a five percent interest. In addition to his share of the partnership profits and a fixed salary for his services as manager of the ranch, the partnership provides taxpayer certain other emoluments which are the subject of this controversy. The partnership provides a home at the ranch for taxpayer and his family, most of the groceries, utilities and insurance for the house, maid service and provides for the entertainment of business guests at the ranch. Taxpayer did not include the value of these emoluments in his gross income for the years 1960, 1961 or 1962. The Internal Revenue Service determined that these items should have been included and therefore increased his taxable income by approximately $6,000[3] for each year involved. Taxpayer paid the assessed deficiencies, filed a refund claim, and no action having been taken thereon within the requisite period taxpayer brought this suit seeking to recover the paid deficiencies on the ground that he is an employee of the ranch and that, as such, he comes within the provisions of section 119 of the Internal Revenue Code of 1954[4] and is therefore entitled to exclude the value of

---

1. On cross motions for summary judgment, the District Court entered a final judgment in favor of the District Director.

2. Taxpayer's wife is a party to this action solely because joint returns were filed for the years in question.

3. Both sides agree that $6,000 correctly represents the yearly value of the items in question.

4. Section 119 provides:

There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

(1) in the case of meals, the meals are furnished on the business premises of the employer, or

(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation.

26 U.S.C.A. § 119.

the items in question from his gross income. Taxpayer filed an affidavit in support of his allegations and his deposition was taken. Each side moved for a summary judgment. The court granted the government's motion without an opinion and this appeal ensued.

The case law interpreting the 1939 Internal Revenue Code held that a partner could not be an employee of his partnership under any circumstances, and that therefore no partner could take advantage of the "living expense" exclusion promulgated in the regulations and rulings under the 1939 Code.[5] Commissioner of Internal Revenue v. Robinson, 3 Cir. 1959, 273 F.2d 503, 84 A.L.R.2d 1211; United States v. Briggs, 10 Cir. 1956, 238 F.2d 53; Commissioner of Internal Revenue v. Moran, 8 Cir. 1956, 236 F.2d 595; Commissioner of Internal Revenue v. Doak, 4 Cir. 1956, 234 F.2d 704.[*] The earlier cases, *Doak* and *Moran,* followed with little discussion by the later cases, were grounded on the theory, present throughout the 1939 Code, that a partnership and its partners are one inseparable legal unit. However, in 1954 Congress rejected this "aggregate theory" in favor of the "entity theory" in cases where "a partner sells property to, or performs services for the partnership." H.R.Rep. No. 1337, 83d Cong., 2d Sess. 67 (1954), U.S.Code Cong. & Admin.News 1954, pp. 4025, 4093. Under the entity approach "the transaction is to be treated in the same manner as though the partner were an outsider dealing with the partnership." Id. This solution to the problem of the characterization of a partner's dealings with his partnership was codified as section 707(a) of the 1954 Code, 26 U.S.C.A. § 707(a).[6]

■ Considering the legislative history and the language of the statute itself, it was manifestly the intention of Congress to provide that in any situation not covered by section 707(b)–(c),[7] where a partner sells to or purchases from the partnership or renders services to the partnership and is not acting in his capacity as a partner, he is considered to be "an outsider" or "one who is not a partner." The terms "outsider" and "one who is not a partner" are not defined by Congress; neither is the relationship between section 707 and other sections of the Code explained. However, we have found nothing to indicate that Congress intended that this section is not to relate to section 119.[8] Con-

5. The provisions of section 119 were first codified in the 1954 Code. However, that section brings forward the Commissioner's basic policy under the 1939 Code. See Treas.Reg. 45, Art. 33 (1919); Treas. Reg. 118, § 39.22(a)–3 (1939).

* But see, Wegener v. Commissioner, 5 Cir. 1941, 119 F.2d 49, cert. denied, 314 U.S. 643, 62 S.Ct. 84, 86 L.Ed. 516; Sverdrup v. Commissioner, 1950, 14 T.C. 859; Toy v. Commissioner, 1942, P–H Memo T.C. ¶ 42,452.

6. This section provides:
   *Partner not acting in capacity as partner.*—If a partner engages in a transaction with a partnership other than in his capacity as a member of such partnership, the transaction shall, except as otherwise provided in this section, be considered as occurring between the partnership and one who is not a partner.

7. Section 707(c) provides:
   To the extent determined without regard to the income of the partnership, payments made to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61(a) (relating to gross income) and section 162(a) (relating to trade or business expenses).
   26 U.S.C.A. § 707(c).

8. We are convinced that section 119 is not a provision where "the concept of the partnership as a collection of individuals is more appropriate," H. Conference Rep. No. 2543, 83d Cong., 2d Sess. 59 (1954), U.S.Code Cong. & Admin.News, pp. 5280, 5319, where Congress indicated that the "aggregate" approach is still to be used. This language from the legislative history, cited by the government, has a direct and logical connection with provisions such as 26 U.S.C.A. §§ 701, 702. However, it is clear that this statement was not designed to prevent the use of the entity approach in cases such as the one *sub judice.* Cf., Burde v. Commissioner, 2 Cir. 1965, 352 F.2d 995, 1000; Weller v. Brownell, M.D.Pa.1965, 240 F.Supp. 201,

sequently, it is now possible for a partner to stand in any one of a number of relationships with his partnership, including those of creditor-debtor, vendor-vendee, *and* employee-employer. Therefore, in this case the government is not entitled to a judgment as a matter of law.[9]

■ Our reversal of the District Court is not dispositive of the issues upon which rest taxpayers ultimate right of recovery. On the record before us we cannot resolve these issues, nor do we express any opinion on the final outcome of the case. Among the questions which must be answered are whether taxpayer is, in fact, an employee of the partnership; whether meals and lodging are provided for the convenience of the employer; whether living at the ranch is a condition of taxpayer's employment; whether taxpayer's wife and children are also employees and, if not, how much of the $6,000 must be allocated to their meals and lodging. These questions are not meant to be exhaustive, but are merely intended to give an indication of the nature of the inquiry into the merits which must be held on remand.[10]

Reversed and remanded.

210; Foster v. United States, D.Conn. 1963, 221 F.Supp. 291, 294–295.

9. The only case presenting the question of whether under the 1954 Code a partner can stand in an employee-employer relationship with his partnership for purposes of the section 119 exclusion is *Wilson v. United States*, Ct.Cl.1967, 376 F.2d 280, which held that such a relationship could not exist, relying on the 1939 Code cases discussed earlier in this opinion. However, the Court in *Wilson* did not consider the applicability or the effect of section 707, and does not, therefore, affect our consideration of the question before us.

10. It should be noted in passing that we have considered and reject the government's contention, first raised on oral argument, that section 707(c) governs this case and prevents any exclusion from gross income under section 119 by taxpayer. There is no evidence in the record that the emoluments were "determined without regard to the income of the part-

nership," or that they consisted of "payments" rather than lodging and meals furnished in kind. Furthermore, even should evidence be produced on remand showing that these two requirements for the application of section 707(c) are present, such evidence would not affect the result in this case. Under section 707(c) such "payments to a partner for services * * * *shall* be considered as made to one who is not a member of the partnership * * * for the purpose of section 61(a) * * *." (Emphasis added.) Section 61(a) defines gross income as "all income from whatever source derived," but with the proviso "except as otherwise provided in this subtitle." 26 U.S.C.A. § 61(a). Thus section 61(a) incorporates the other sections of the subtitle including section 119, and requires that the other provisions of the subtitle be considered and utilized in determining gross income. Cf., Foster v. United States, supra.