**Jerry DILTS, Barbara Dilts, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 93–CV–1001–B.

United States District Court,
D. Wyoming.

March 11, 1994.

L. Craig Clayton, Donald R. Winship & Associates, P.C., Casper, WY, for plaintiffs.

Donald R. Wrobetz, Asst. U.S. Atty., D. Wyo., Cheyenne, WY, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon parties' cross-motions for summary judgment, and the Court having reviewed the materials on file herein, having heard argument from the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

The plaintiffs in this case seek refunds of income taxes and interest that they allege were illegally assessed and collected from them for the 1987 and 1988 tax years.

The plaintiffs were the owners of Bridle Bit Ranch Company ("Bridle Bit"), a subchapter S corporation, which operated a cattle and sheep ranch in Wyoming. During the period at issue, Jerry Dilts was the President and Barbara Dilts was the Secretary/Treasurer of Bridle Bit. In 1987 and 1988, the plaintiffs lived on the Bridle Bit ranch in a home owned by the corporation. Although there was no written requirement that the plaintiffs live on the ranch, they contend that it was a condition for their employment.

The IRS disallowed certain expenses claimed by Bridle Bit for the 1987 and 1988

tax years, which resulted in an increase in income to Bridle Bit that was reflected on the plaintiff's federal income tax returns.[1] As a result of this increased income, the IRS assessed deficiencies against the plaintiffs. The plaintiffs paid these deficiencies and filed claims for a refund. The Internal Revenue Service ("IRS") denied those claims.

The plaintiffs then filed this suit seeking to recover a refund in the amount of $13,643.95 plus interest. In general, the plaintiffs contend that the IRS improperly denied Bridle Bit expense deductions for, among other items, furnishing them a residence, supplying their groceries and paying certain insurance premiums. With respect to the 1987 tax year, the plaintiffs contend that the IRS improperly denied Bridle Bit $19,004.00 in deductions.[2] For the 1988 tax year the plaintiffs allege that the IRS improperly denied Bridle Bit $20,383.00 in deductions.[3]

The parties agree that there are no genuine issues of material fact and that the Court can resolve this matter on their cross motions for summary judgment.

### Standard of Review

"By its very terms, [the Rule 56(c) ] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

---

1. With certain exceptions found in the Internal Revenue Code ("IRC") § 1378 (regarding capital gains) and IRC § 58(d) (regarding minimum tax on items of tax preference), a corporation that has made a valid election to be taxed as a small business corporation, or an S corporation, is exempt from corporate income tax. 26 U.S.C. § 1363(a) (1988). An S corporation's income is passed through the corporation to its shareholders and reported on the shareholder's individual income tax return. *See* 26 U.S.C. § 1366 (1988). In the case at bar, there is no dispute that Bridle Bit made a valid election and that it is a subchapter S corporation.

2. These expenses are: (1) Fuel to heat the residence: $473, (2) Groceries for plaintiffs and family: $2,309, (3) Telephone and electricity: $1,675, (4) Homeowners and automobile insurance: $1,590, (5) Depreciation of residence: $7,052, and (6) Depreciation of home improvements: $5,905.

3. These deductions are: (1) Fuel to heat the residence: $690, (2) Groceries for plaintiffs and family: $3,440, (3) Telephone and electricity: $1,730, (4) Homeowners' insurance: $1,132, (5) Automobile insurance (allocable to plaintiffs' personal use): $458, (6) Depreciation of residence: $7,052, (7) Depreciation of home improvements: $4613, and (8) Repairs of satellite dish: $1,268.

The trial court decides which facts are material as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. at 2510; *see also Carey v. United States Postal Serv.,* 812 F.2d 621, 623 (10th Cir.1987). Summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Carey,* 812 F.2d at 623. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Carey,* 812 F.2d at 623. In considering a party's motion for summary judgment, the court must examine all evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981).

### Discussion

The Dilts' make two arguments in support of their position that the deductions at issue in this case were proper. First, they argue that the deductions at issue in this case should be allowed as "ordinary and necessary business expenses" under § 162 of the IRC. Second, the plaintiffs contend that IRC § 119 allows them to deduct from their taxable income the cost of food and lodging. The Court addresses each argument below.

### A. Internal Revenue Code § 162

Section 262 of the IRC states that: "[e]xcept as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." The expenses at issue here include home heating costs, costs of groceries for the plaintiffs and their family, telephone and electricity costs, depreciation of their home, costs of home improvements and satellite dish repairs, and home and automobile insurance premiums. By their very nature, these expenses are essentially personal and are within the scope of IRC § 262. As the court stated in *Wilson v. United States,* 376 F.2d 280, 296–97, 179 Ct.Cl. 725 (1967), "[e]veryone must have these necessities of life, and expenditures to obtain them do not lose their personal characteristics because they may contribute indirectly to a taxpayer's business activities." (citing *Commissioner v. Moran,* 236 F.2d 595, 597 (8th Cir.1956)). Section 162 of the IRC provides, however, in pertinent part, that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business...." 26 U.S.C. § 162.

The Dilts' argue that from the standpoint of the Bridle Bit, the expenses at issue were ordinary and necessary business expenses and should be deductible under § 162. In particular, they argue that, given the nature and demands of ranch work, it was necessary that they live on the ranch. The Dilts' explain that in the region where the Bridle Bit is located, it is common practice for ranch operations to require ranch hands and ranch managers to live on ranch premises. This is because it is necessary to be near the livestock in order to remove them from railroad tracks or roads, to check on heifers during calving season, to keep a vigilant eye on fires that frequently occur on the land, to safeguard ranch equipment and supplies and to deal with hunters desiring permission to hunt on the ranch during hunting season.

In order for a personal living expense to be deductible as a business expense under § 162, however,

> the taxpayer must demonstrate that the expenses were different from, or in excess of, what he would have spent for personal purposes, was so circumscribed by the company regulations, directives and conditions, that it lost its character as a personal expense and took on the color of a business expense.

*Robert M. Walsh,* 56 T.C.M. (P–H) ¶ 87,018, 1987 WL 40096 (1987) (citing *Sutter v. Commissioner,* 21 T.C. 170, 173, 1953 WL 179 (1953) and *Sibla v. Commissioner,* 611 F.2d 1260 (9th Cir.1980)). The Dilts' have failed to show that their expenses were either in excess of what they would have ordinarily

incurred or that their expenses lost their personal character. Thus, the Court concludes that these predominately personal expenses are not deductible under IRC § 162.

## B. Internal Revenue Code § 119

### (1) The Dilts' Position

■ Section 119 of the Internal Revenue Code states, in pertinent part, that an employee can exclude from his gross income:

the value of any meals or lodging furnished him or his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if ·

(1) in the case of meals, the meals are furnished on the business premises of the employer, or

(2) in the case of lodging, the employee is required to accept such lodging on the business premises as a condition of his employment.

26 U.S.C. § 119 (1988).

The Dilts' contend that § 119 applies in this case and that as employees of the Bridle Bit they are entitled to exclude meals and lodging from their income.[4] Their initial argument is that because they are shareholders of the Bridle Bit Ranch Corporation, IRC § 1372 applies. Section 1372 states that

[f]or the purposes of applying the provisions of this subtitle relating to employee fringe benefits—

(1) the S corporation shall be treated as a partnership, and

(2) any 2–percent shareholder of the S corporation shall be treated as a partner of such partnership.

Thus, the plaintiffs conclude that their meals and lodging would be deductible if partners of a partnership could exclude the benefits from their income.

The plaintiffs next argue that because a partner may, under certain circumstances, be considered to be an employee of the partnership, § 119 would allow the partner to exclude meals and lodging from his or her income. In making this portion of their argument, the plaintiffs rely upon the case of

*Armstrong v. Phinney*, 394 F.2d 661 (5th Cir.1968), which presented the question of whether a partner was an employee of his partnership for the purposes of § 119.

In *Armstrong*, the taxpayer was a partner in a partnership which owned a 50,000 acre cattle ranch. The partnership provided a home at the ranch for the taxpayer and his family and purchased most of their groceries and utilities, insurance for the house, and maid service. The taxpayer did not include the value of those benefits in his income. In · remanding the case for further consideration, the Fifth Circuit Court of Appeals held that, under IRC § 707(a), a partner could be an employer of his partnership. Section 707(a) · provides that a partner who "engages in a transaction with the partnership other than in his capacity as a member of such partnership, ... except as otherwise provided in this section, [shall] be considered as ... one who is not a partner." The court stated that:

The terms "outsider" and "one who is not a partner" are not defined by Congress; neither is the relationship between § 707 and other sections of the Code explained. However, we have found nothing to indicate that Congress intended that this section not relate to § 119.

Consequently, it is now possible for a partner to stand in any on of a number of relationships with his partnership, including those of creditor-debtor, vendor-vendee, and employee-employer.

*Armstrong*, 394 F.2d at 663–64.

The plaintiffs conclude, therefore, that because they are shareholders of an S corporation, and as such are to ·be treated as partners of a partnership, and because partners may be considered employees of their partnership when they are not acting in their capacity as partners, they may be considered employees of the S corporation for the purposes of § 119. In support of this conclusion, the plaintiffs cite *Wilhelm v. United States*, 257 F.Supp. 16 (D.Wyo.1966). In *Wilhelm*, the taxpayers were the owners of the Thirty–One Bar Ranch Company, a sub-

---

4. The Dilts' conceded at oral argument that § 119 does not permit expenses such as insurance premiums, telephone costs and satellite dish repairs, all at issue in this case to be deducted. Thus, this analysis refers only to the deductions claimed for food and lodging expenses.

chapter S corporation. The taxpayers lived on the ranch property and deducted the value of their food and lodging from their income tax. *Id.* at 18. Judge Kerr held that § 119 applied to the taxpayers and allowed their deductions. He stated:

> [I]t is crystal clear that the taxpayers have overcome the presumption that the Government has properly applied the statutory allowance: no other housing and boarding facilities were available to the employees; the employees had no other choice but to accept the facilities furnished by the corporate employer; the food and lodging were furnished to the employees not only for the convenience of the employer, but they were indispensable in order to have the employees on the job at all times. The ranch could not be operated if employees did not live and eat at the ranch. The requirements of Section 119 are satisfied and the plaintiffs should have been allowed to exclude from their gross income the value of the food and lodging furnished to them by the Thirty–One Bar Ranch Company.

*Id.* at 21.

While the plaintiffs have made what seems to be a reasonable argument, this Court is not persuaded that § 119 applies to exclude the costs of their food and lodging from their income. This Court agrees with the *Arm-strong* court's conclusion that under some circumstances, a partner of a partnership may be considered an employee for the purposes of § 119.[5] This Court concludes, however, that the facts in *Armstrong* are distinguishable from the facts in this case.

### (2) *Armstrong v. Phinney* and the Facts Here

As a preliminary matter, the Court notes that there may be some doubt as to whether, via § 1372, a shareholder of an S corporation may also be considered an employee for the purposes of § 119.[6] The Court need not address this issue, however, because even if IRC § 119 applies in the instant case, it would not provide the Dilts' a basis for a refund. The Fifth Circuit has held that a partnership cannot deduct, as a business expense, fees paid to partners for performing the basic business of the partnership. *Pratt v. Commissioner,* 550 F.2d 1023 (5th Cir. 1977). In denying a partnership's deduction for management fees which partners received for managing shopping centers, the court held that "in order for the partnership to deal with one of its partners as an 'outsider' [thus rendering § 707(a) applicable] the transaction must be something outside the scope of the partnership." *Id.* at 1026. In the case at bar, the Dilts' have not distinguished those benefits rendered to them as compensation for performing the basic busi-

---

5. There are a number of factually similar cases which have held that partners may not exclude the value of food and lodging which they receive from the partnership from their income. *See, e.g., Wilson v. United States,* 376 F.2d 280, 296–97, 179 Ct.Cl. 725 (Ct.Cl.1967) (holding that managing partner and his wife could not exclude food and lodging supplied by partnership while living on ranch); *Commissioner v. Moran,* 236 F.2d 595 (8th Cir.1956); *Commissioner v. Doak,* 234 F.2d 704 (4th Cir.1956). The plaintiffs take the position that those cases were decided before the 1954 Internal Revenue Code which recognized that a partnership could be a separate entity from its partners are inapplicable. Nevertheless, the Court regards these decisions as persuasive.

6. The assumption that IRC § 707 applies to govern the tax consequences of transactions between shareholders of subchapter S corporations and the corporation underlies the Dilts' argument, described above. In sum, the Dilts' logic is that because § 1372 provides that for the purposes of fringe benefits, shareholders of a subchapter S corporation shall be treated as partners of a partnership and because § 707(a) states that partners of a partnership may be treated as non-partners in some circumstances, shareholders of subchapter S corporations may be treated as employees of the corporation for the operation of § 119's meals and lodging exclusions.

The flaw in this argument, however, is that § 1372 does not automatically render § 707 applicable to subchapter S corporations. In fact, § 1372 specifically states: "For the purposes of applying the provisions of *this subtitle which relate to employee fringe benefits* [subchapter S corporations are to be treated as partnerships and shareholders as partners]." *Id.* (emphasis added). Section 707 is not a provision relating to employee fringe benefits to which § 1372 refers. This casts some doubt as to whether § 707 applies to subchapter S corporations at all. Moreover, the Dilts' have cited no cases or statutory authority which would indicate that § 707 applies to a subchapter S corporation such as Bridle Bit.

ness of the S corporation from those which are outside the scope of their sole shareholder relationship with the corporation. In fact, it appears as if the management of the Bridle Bit ranch is a transaction which is necessarily within the scope of that relationship. Thus, even if § 707 were to apply to shareholders of S corporations, the plaintiffs have not convinced the Court that they could rely on it to obtain a refund here.

Finally, in *Armstrong*, the taxpayer was the manager of a 50,000 acre ranch which was owned by a partnership in which the taxpayer had a five percent interest. *Armstrong*, 394 F.2d at 662. The taxpayer received a fixed salary for his duties as the manager in addition to his share of the partnership profits. The partnership also provided the manager and his family with a home at the ranch, most of their groceries, utilities, insurance, and maid service. *Id.* The circumstances in the case currently before the Court are distinguishable from those in *Armstrong*.

Here, the plaintiffs are the sole shareholders of stock in the Bridle Bit ranch. In addition, the plaintiffs do not receive separate compensation as shareholders and as employees. There are no formal requirements that the Dilts' live on the ranch. Based on these facts, the Court concludes that the Dilts' are not employees of the ranch, as was the taxpayer in *Armstrong*. Rather, it appears as if they called themselves employees merely for the purpose of claiming the deductions at issue in this case.

Section 119 does not apply under such circumstances.[7]

### (3) Public Policy

Finally, the result which the plaintiffs seek would lead to inequitable results which are contrary to public policy and congressional intent. One fundamental purpose of the tax code is to achieve "horizontal equity"—that is, to treat similarly situated people in the same manner. The plaintiff's interpretation of the code violates this principle. Taxpayers like the plaintiffs would get the benefits of exclusions which sole proprietors would not be able to take. This Court cannot fathom any substantive reason why the owners of a subchapter S corporation should be entitled to such exclusions while their neighbors, sole proprietors, would not be entitled to the same exclusions. In addition, it is hard to believe that Congress intended, via the §§ 1372, 707, 119 scheme, to create a widespread exclusion for the food and housing expenses of agricultural and ranch owners who happen to organize their business under Subchapter S.[8] Indeed, if this were true, then one would expect all ranchers and farmers to organize under Subchapter S and exclude all their housing and lodging expenses from their income. This would hardly be a fair result unless all business owners who must live in the city to be near their business for a variety of reasons were allowed to deduct their food and lodging expenses as well. Such a result is unthinkable and this Court will not construe the IRC to reach this outcome.

7. Furthermore, to the extent that the Dilts' rely upon the case of *Wilhelm v. United States*, 257 F.Supp. 16 (D.Wyo.1966), which was decided by Judge Kerr of this Court, this Court now holds that the reasoning in that case is no longer persuasive, especially given the public policy considerations discussed in the next section.

8. The intent of Congress with respect to the excludability of expenses incurred in connection with the use of a subchapter S corporation shareholder's home is particularly clear in view of IRC § 280A. Section 280A, which provides for certain deductions for business use of a dwelling unit, expressly states that it applies to S corporations. Indeed, § 280A(a) states that, except as otherwise provided, "in the case of a taxpayer who is an individual or an *S corporation*, no deduction ... shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer ... as a residence." (emphasis added). Thus, it appears that Congress intended, at least with the respect to the deductibility of expenses in connection with a taxpayer's home, that subchapter S corporations be treated as individual taxpayers.

Section 280A(c) provides for the deduction of those expenses allocable to portions of the residence which are exclusively used for business purposes. In the case at bar, the plaintiffs did not argue that their housing expenses are deductible under § 280A. Therefore, the Court does not address the question of whether certain portions of their expenses may be deductible under this section. The Court notes, however, that the plaintiffs have made no showing that their residence was used exclusively for business purposes.

■ Accordingly, this Court concludes that IRC § 119 does not apply to the Dilts' as the sole shareholders of Bridle Bit, a subchapter S corporation.

**THEREFORE, IT IS**

**ORDERED** that plaintiffs' Motion for Summary Judgment be, and the same hereby is, **DENIED.** It is further

**ORDERED** that defendant's Motion for Summary Judgment be, and the same hereby is, **GRANTED.**